WEYGAND, Appellant, v. WEYGAND, Respondent

(297 N. W. 689.)

(File No. 8405.   Opinion filed April 29, 1941.)

**Davenport & Evans,** of Sioux Falls, for Appellant.

**Boyce, Warren & Fairbank** and **John R. McDowell,** all of Sioux Falls, for Respondent.

WARREN, J. In May, 1930, the defendant married the plaintiff who had been divorced from a previous husband. Thereafter in September, 1933, they adopted a little boy, Donald, who is the subject of the controversy in the appeal before this court. In October, 1937, plaintiff commenced an action for a divorce. The defendant answered and filed a cross-complaint. A trial upon the issues was commenced shortly thereafter. Portions of the memorandum decision seem to reflect the impressions gathered by the trial court from the voluminous evidence presented. At the close of the trial the court made a memorandum wherein he alluded to the custody of the child and the conduct and faults of the parents.

Shortly after the memorandum the parties effected a reconciliation. The court, therefore, did not enter findings, conclusions, and a decree. In January, 1938, further difficulties again arose which caused the separation. Upon an order of the court additional evidence was submitted by both parties and the court again issued a memorandum decision which was in substance substantially the same as the one issued after the first hearing.

In July, 1938, findings of fact, conclusions of law, and a decree of divorce were entered of record. Among other things the court by its judgment decreed that the minor adopted child should be placed in the custody of the Columbus Children's Home, subject to the further order of the court. Other proceedings which are immaterial in this opinion took place, however, after the plaintiff's allotted time for appeal, she petitioned the court for a modification

of the decree of the court in September, 1939. A hearing was held in October, 1939, which consisted of written affidavits on behalf of plaintiff, and written affidavits in answer to plaintiff's application by defendant. Matters seem to have drifted along until a little later when the present attorneys of record for plaintiff petitioned the court for a modification of the divorce decree and subsequent order relating to the support and custody of the minor child, having secured beforehand a dismissal of the hearing had before the court in October, 1939. This last hearing took place in May, 1940. Both oral and written evidence was submitted by both parties. The court, on the 16th of May, 1940, entered an order denying the application of the plaintiff to modify the decree of divorce.

We believe that it would serve no useful purpose to review the evidence presented to the trial court excepting to say that the findings and conclusions are fully sustained by the evidence.

Our attention has been called to what we said in Mastrovich v. Mavric, 66 S. D. 577, 287 N. W. 97, as controlling in this case. That opinion does not cover a similar fact situation. In that case we were dealing with the natural rights of a parent in opposition to the attempted adoption of a child by its grandmother, while in this case we are dealing with facts which the learned trial court felt would not entitle either of the parties to have custody and control of this adopted child.

The trial court has a wide range of discretion in awarding the custody of children in a decree of divorce and this discretion will not be disturbed except where there has clearly been an abuse thereof. Gavel v. Gavel, 123 Cal. App. 589, 11 P.2d 654.

The trial judge had the opportunity to observe the demeanor of the parties and witnesses before the court and he was able to pass a much more exacting judgment on the fitness of the parties than we can from the record. Williams v. Williams, 13 Cal. App.2d 433, 56 P.2d 1253.

It would appear that this is not an appeal from the

court's order granting custody of the child, but is an appeal from the court's refusal to modify its order granting custody to the Columbus Children's Home pursuant to SDC 14.0724 and see Foster v. Foster, 66 S. D. 395, 284 N. W. 54. The cases hold that such modification is within the trial court's discretion, and such modification will not be granted without a showing that there has been such a change in circumstances that the welfare of the child warrants the change. Dacey v. Dacey, 179 Minn. 520, 229 N. W. 868; Gavel v. Gavel, supra; Van Der Vliet v. Van Der Vliet, 200 Cal. 721, 254 P. 945.

■ We are unable to gather from the evidence that the trial court erred in holding that the circumstances and conditions had not changed since the awarding of the custody of the child to the Columbus Children's Home as contended for by appellant. The economic status of the appellant may have improved a little, but the basic factors causing the trial court to award the custody of the child as it did, have not, in our opinion, changed. The family background, divorces, language, temperament, and disposition seem to rest as found by the trial court and we can discover no evidence changing these circumstances and conditions.

■ Some mention is made in the assignment of error that the defendant had neglected and failed to pay the weekly payments specified to be paid in the court's order of October, 1937. Paragraph three of appellant's application for modification charges that the defendant is indebted to her in the sum of $240. We do not look upon appellant's claim as a matter of property right or an award of money, as the order clearly shows that it relates solely to the support and maintenance, care and custody of the child. Rudd v. Gerkin, 67 S. D. 534, 295 N. W. 491; Wenzel v. Wenzel, 67 S. D. 537, 295 N. W. 493.

We feel that the appellant has wholly failed to show any material change which could show an abuse of discretion in the trial court and warrant a modification of the decree. Finding no error in the record, the order appealed from is affirmed.

All the Judges concur.