LARSON, Respondent, v. LARSON, Appellant

(16 N. W.2d 307.)

(File No. 8697.   Opinion filed November 10, 1944.)

**Louis H. Smith,** of Sioux Falls, for Appellant.

**Albert M. Freeman,** of Sioux Falls, for Respondent.

SMITH, J.   The custody of the two minor daughters of the parties was awarded to the wife during the school months in a decree dated June 28, 1941, which granted a divorce to the husband. ˙ The girls were then of the respective ages of eight and four.   In February, 1942, the husband sought a

modification of the decree. This application asked that the husband be awarded the absolute custody of the children. Before the matter was determined, on advice of counsel, the wife stipulated that the court might award the custody of the children to their paternal grandparents subject to visitation by- the wife at times convenient to those custodians. The wife having since married made application for a further order of modification awarding the custody of the children to her. After hearing based on affidivits and oral testimony, the trial court denied the application of the wife and she has appealed.

■ ■ The welfare of the children is the paramount consideration controlling their disposition however and whenever the question of their custody arises. In resolving this delicate issue, the trial court has been aided by the impressions he has been able to form of each of the individuals concerned. Sound reason suggests that we should not interfere in the absence of a clear and abiding conviction that the broad discretion vested in that court has been abused. Weygand v. Weygand, 68 S. D. 1, 2, 297 N. W. 689; Houghton v. Houghton, 37 S. D. 184, 157 N. W. 316.

■ Our examination and re-examination of this record has been made in the light of these settled principles, and with a sympathetic understanding of the yearning of this mother for her children. That analysis has produced a solemn conviction that the welfare of these children will best be served by the overall provisions of this decree which, while placing them in the custody of the father and mother of the husband, operates in practical effect to shoulder the husband with responsibility for their well-being and upbringing.

Because we think a detailed statement of the considerations upon which our judgment rests can only be made at the expense of those whose interests we seek to protect, we but state our firm conclusion.

■ We are as firmly convinced that the present decree is over harsh. It does not follow, in our opinion, that because the welfare of these children will be best served by the overall provisions of this decree, they should be cut off from their mother. The record clearly indicates that the terms of the

decree as now formulated have discouraged all contacts between the mother and her children. . The hostile, policed atmosphere of her visits to the children have made real companionship between them an impossibility. Such a situation is not warranted by any circumstances established in this record. In view of the continuing control of the trial court, we perceive no reason why these children should not be permitted to visit the mother in her home for reasonable periods at such times as will not interfere with their education, and under such conditions or restrictions as the trial court in its wisdom may impose.

The order of the trial court is reversed with directions to harmonize the provisions of the decree with the foregoing opinion.

POLLEY, ROBERTS, and SICKEL, JJ., concur.

RUDOLPH, J., (dissenting). Under the facts of record I am unable to conclude that the trial judge abused the discretion with which he is vested in the type of case here presented. I am of the opinion that the order appealed from should be affirmed.