WRIGHT, Respondent, v. STAHL, Appellant

(39 N. W.2d 875)

(File No. 9032. Opinion filed November 28, 1949)

**Temmey & Luby,** Huron, for Defendant and Appellant.
**Jon Fosheim,** Huron, for Plaintiff and Respondent.

ROBERTS, J. Plaintiff obtained a decree of divorce from defendant in March, 1947, on the ground of extreme cruelty. Prior to the granting of the divorce the parties entered into an agreement which was subsequently inserted in the decree. It was agreed that the parties have custody of their minor child alternately for periods of six months, with the privilege to the other parent of having the child during weekends. In March, 1948, plaintiff applied for a modification of the decree of divorce in such a manner as to give her custody of the child with privilege of visitation in the defendant at reasonable intervals. The application was opposed by defendant and many affidavits supporting and resisting the application were submitted. At the conclusion of the hearing the trial court filed an opinion reviewing the facts and the law and concluded to grant the application. The divorce decree was amended in the following manner:

"That the plaintiff herein, Phyllis M. Stahl Wright, shall have the care, custody and control of the minor child of the plaintiff and defendant, Gerald Dean Stahl, except as hereinafter provided:

"The defendant, Joe J. Stahl, shall have the care,

custody and control of said minor child for a consecutive sixty (60) day period during the summer months of each year while such child is not attending school, the exact dates thereof to be decided by the parties according to their mutual convenience.

"It is further ordered that the defendant may visit said child at reasonable times and places while such child is in the custody of the plaintiff, and that the plaintiff may visit said child at reasonable times and places while such child is in the custody of the defendant as above provided, and each party shall get such child when his or her respective time for custody arrives as above provided.

"It is further ordered that the defendant shall pay to the plaintiff the sum of Twenty Five Dollars ($25.00) per month towards the support of such child, with the exception of the two months out of each year when child is in the custody of the defendant. The first of such payments to be due and payable on the 1st day of September, 1948, and all subsequent payments to be due and payable on the first day of each month thereafter.

"It is further ordered that as a condition to the plaintiff's custody of such minor child, the plaintiff shall file a surety bond in the amount of Five Hundred Dollars ($500.-00) to be approved by this Court, conditioned that she will produce said child into Court if and when the Court requires her to do so, such security shall be in the form of either a personal or corporate undertaking."

Defendant has appealed from this order and urges that the trial court erred in amending the decree because the affidavits in support of the application for modification do not show a chance of circumstances and that the court having reserved in the defendant the right of visitation erred in granting permission to the plaintiff to take the child to her residence in another state.

A judgment or decree entered in a suit for divorce is res judicata as to the questions put in issue or necessarily and properly involved and actually tried and determined in the suit. Wallace v. Wallace, 26 S.D. 229, 128 N.W. 143; Wellnitz v. Wellnitz, 71 S.D. 430, 25 N.W.2d

458. After decree of divorce, the trial court still has jurisdiction to reconsider the question of custody upon proper appreciation and to make changes in its decree whenever a material or substantial change of circumstances warrant it under the evidence produced. This power to modify the decree as to the custody of minor children from time to time, as shall appear necessary or proper, is expressly given by the provisions of SDC 14.0724. An agreement between divorced parents relating to the custody of their children should be given serious consideration by the court, but does not preclude the court from modifying the decree as circumstances require. Houghton v. Houghton, 37 S.D. 184, 157 N.W. 316; Matthews v. Matthews, 71 S.D. 115, 22 N.W.2d 27.

In Larson v. Larson, 70 S.D. 178, 16 N.W.2d 307, we said: "The welfare of the children is the paramount consideration controlling their disposition however and whenever the question of their custody arises. In resolving this delicate issue, the trial court has been aided by the impressions he has been able to form of each of the individuals concerned. Sound reason suggests that we should not interfere in the absence of a clear and abiding conviction that the broad discretion vested in that court has been abused."

In the opinion filed by the trial court, we find the following. "It appears that the parties were divorced by the judgment of this Court dated March 18th, 1947, wherein the plaintiff and defendant were given co-custody of the minor child Gerald Dean Stahl for equal periods of six months each. The child is now of school age and the present arrangement is not conducive to his best welfare and interests. It becomes necessary for the Court, therefore, at this time to award custody of the minor child to one or the other of the parties to this action. In cases of this nature the chief concern is the welfare of the child. In this particular case it appears to the Court that both the plaintiff and defendant show a great interest in and affection for the child and would both individually be proper persons to care for and control said child. However, in view of the child's tender years and need for close supervision and the

influence of a congenial home it would appear to the Court that the best interests of the child would be served, for the time being at least, to be with his mother, the plaintiff. However, in view of the deep affection and interest in the child shown by the father, such father should be allowed ample opportunity to visit and associate with the child."

If the original decree here were to stand, the shifting custody would greatly interfere with the education and proper rearing of the child. When we consider the best interest of the child as being paramount to parental rights and wishes and the changed circumstances, we fully agree with the result reached by the trial court. In point is Wallace v. Wallace, supra, in which custody by amended decree was given to the mother during the school year. This court said [26 S.D. 229, 128 N.W. 145]: "Certainly the time had come when it should attend school, and it takes no argument to show that the child would be greatly handicapped if part of the school year was spent in the schools of New Jersey (the home of the mother) and the remainder in the schools of Illinois (the home of the father). The rights of either or both parents are subservient to those of the child. It therefore became the duty of the trial court to choose between two parents, both of whom he found fit to care for this child, and designate which should have the child for the nine school months and which for the other three, and, under the record as it had been made by the parties hereto and appeared before such court, it could not have said that this girl of seven years of age was better off with the father than with the mother."

Plaintiff has remarried and now resides in Worthington, Minnesota, where her present husband is employed. No claim is made that the taking of the child of divorced parents from the state is forbidden by statute or public policy. The amended decree does not expressly or impliedly forbid such removal. The trial court states in its memorandum decision that because of her expressed intention to reside outside the state plaintiff was required to furnish bond to insure return of the child to this jurisdiction. In Wellnitz v. Wellnitz, supra, discussed by counsel in their briefs, the original decree gave the father custody during

weekends and this provision carried with it an implied restriction against taking the child to a city in another state, a· distance about· two hundred miles. The question whether defendant should be relieved from payment of support money because of disobedience of a decree or order of the court is not here involved.

The judgment appealed from is affirmed.

SMITH, P. J., and RUDOLPH and SICKEL, JJ., concur.

HAYES, J., concurs in result.