HOAAS, Appellant v. HOAAS, Respondent

(59 N. W.2d 254)

(File No. 9361. Opinion filed June 11, 1953)
Rehearing denied July 13, 1953

**T. R. Johnson,** Sioux Falls, **Gunderson & Gunderson,** Clear Lake, for Plaintiff and Appellant.

**Loucks, Oviatt & Bradshaw,** Watertown, for Defendant and Respondent.

SICKEL, J. Ruth Annette Hoaas, plaintiff, was granted a divorce from defendant Harry Lavern Hoaas on October 20, 1950. The decree awarded custody of Vickie Lee Hoaas, minor child of said parties, to plaintiff subject to the right of visitation by defendant and granted to defendant the right to part-time custody. The decree also provides: "Neither party shall remove said child from Codington County, South Dakota, without the prior consent of the Court. However, the parties hereto, or either of them, may take said child outside of Codington County, South Dakota, upon the written consent of the other, without the necessity of application to the Court".

Petition by plaintiff to modify the decree so as to permit her to remove the child from Codington County, South Dakota, was denied August 15, 1951. A similar petition was presented by plaintiff on January 4, 1952. While this petition was pending defendant applied for a modification of the decree of divorce so as to award custody of the child to him. Both petitions were denied January 11, 1952. On January 30, 1952, defendant again applied for modification of the decree and for custody of the child on account of a change of circumstances. His application alleges that subsequent to the order of January 11, 1952, in which the court had refused to modify the decree on petition of either party, plaintiff had taken the child with her to her home in Vancouver, Washington, in violation of the provisions of the decree. On the hearing of this application the court modified the decree by awarding custody of the child to defendant, and by terminating all payments to plaintiff for the support of the child. This order was dated February 25, 1952, and entered February 28, 1952. No appeal was taken from any of the above orders.

On August 23, 1952, the plaintiff again petitioned the court for a modification of the decree of divorce, as amended, so as to permit the plaintiff to remove the child from the State of South Dakota to the State of Washington. This application was denied by order of the circuit court dated September 11, 1952. This is the order from which this appeal is taken.

The only assignment of error reads as follows: "The Court erred in entering its order herein on September 11, 1952—refusing plaintiff's application for a modification of the decree of divorce, and the amendments thereto—based upon the grounds that the defendant has failed to show any material or substantial change of circumstances therefor, and as a result thereof the court abused its discretion in the premises".

■ The error of which appellant complains is the refusal of the court to modify the amended decree so as to award custody of the child to plaintiff, and the refusal of the court to permit the plaintiff to remove the child to the State of Washington. The burden was on petitioner to show a material and substantial change in circumstances occurring since the order of February 25, 1952, to justify the further amendment of the decree of divorce. The burden was not upon the defendant to justify the final order of February 25, 1952, awarding custody of the child to defendant.

■ In support of her application plaintiff states that she is employed as a dental assistant in the State of Washington earning $175 a month; that she and an unmarried sister are living in a rented house, and that this is a fit and proper place for the child. She admits that she removed the child to the State of Washington in violation of the terms of the decree of divorce but seeks to justify this conduct on the ground that she was unable to support the child in Codington County on the allowance provided by the decree. These matters were all presented and considered by the court on previous applications for modification of the decree. They present no change in circumstances.

■ Plaintiff also alleges that while she had the child in custody in the State of Washington defendant obtained a writ of habeas corpus in the courts of that state in an attempt to obtain the child's custody, and that when the hearing on the writ was continued from April 14 to May 15, 1952, defendant took the child into his custody and returned her to Codington County, South Dakota. Before that writ was issued the circuit court of Codington County had awarded custody of the child to defendant; the mother had illegally taken

custody of the child and had removed her from Codington County to the State of Washington, where she held the child in custody. The defendant, not the plaintiff, applied for the writ. It was issued for the purpose of protecting the right of the defendant to the custody of the child under the terms of the amended decree of divorce. Certainly the plaintiff acquired no right to the custody of the child, even temporarily, by virtue of the issuance of the writ of habeas corpus.

The provisions of the original decree of divorce prohibiting the removal of the child from Codington County, South Dakota, were incorporated therein pursuant to a written agreement of the parties, approved by the court. The court had on two previous occasions denied plaintiff's petition for a modification of these provisions of the decree. Nevertheless, plaintiff did in fact remove the child to the State of Washington and beyond the jurisdiction of the court, thereby violating the terms of the decree and depriving defendant of his right of visitation.

■ Neither parent is entitled to the custody of the child as of right. SDC 14.0505. The welfare of the child is of paramount consideration. Houghton v. Houghton, 37 S.D. 184, 157 N.W. 316. It was the duty of the court to choose between the parents, and determine which should have the custody of the child. Wallace v. Wallace, 26 S.D. 229, 128 N.W. 143.

■ Under the circumstances it cannot be said that the court erred in refusing to amend the decree so as to restore the custody of the child to the plaintiff and to permit the removal of the child from Codington County, South Dakota.

The order from which the appeal is taken is affirmed.

All the Judges concur.

LEEDOM, J. (concurring). I have a strong conviction that the very young child here involved would be much better off with her natural mother than she is under the present arrangement. Even so I am persuaded to concur in the opinion of the court because of (1) the mother's clear failure to show a change in the circumstances of the parties since custody was last adjudicated; (2) a realization that the trial judge has advantages over a judge of a reviewing court in

evaluating a parent's fitness for custody; and (3) the fact that custody of the child is still under the control of the court.

If the mother should re-establish a residence in South Dakota, or if conditions should develop in the present home that are detrimental to the child, or if any other real change in circumstances should occur there will likely be a full reconsideration of the custody question. In such event the readjudication may be free of all procedural and other subordinate questions and with certainty be based on the paramount issue of the child's welfare.