ULVER, Appellant v. ULVER, Respondent

(78 N.W.2d 830)

(File No. 9582.  Opinion filed October 24, 1956)

**Lacey, Parliman & Heuermann,** Sioux Falls, for Appellant.

No attorneys for Respondent.

RENTTO, J. Plaintiff wife was granted a divorce from the defendant on August 9, 1949. They had two children— Joan, ten years of age and Edwin, Jr., five. The judgment gave the mother custody of the girl and the father custody of the boy. These awards were as agreed by the parties through their counsel. On August 17, 1955, the mother filed a motion asking that custody of Edwin, Jr., be given to her. This was denied.

Plaintiff has remarried and lives in Nebraska with her husband. Joan lives with them as does a nine year old son of her present husband. The defendant has also remarried and makes his home with his wife in Sioux Falls. Their young daughter and Edwin, Jr., live with them. Plaintiff had not seen or communicated with Edwin, Jr., since the divorce was granted. During all of that period he lived with his father. The court refused the requested modification but did provide that the mother could have his custody for ten consecutive weeks during the school summer vacation period. She appeals from the denial of her request.

Appellant does not question any of the established applicable principles of law. The single question presented is whether the trial court abused its discretion in denying her motion.

It is fundamental in proceedings of this kind that modification is justified only if subsequent conditions have so changed that the welfare of the child demands or at

least makes expedient such modification. The welfare of the child is the paramount consideration. Consistent with modern authorities, we have said that it is superior to the legal rights and claims of either parent. Their wishes and personal desires must yield, if opposed to what the court, in the discharge of its duty, regards the welfare of the child to be. Wright v. Stahl, 73 S.D. 157, 39 N.W.2d 875; Nelson—Divorce and Annulment, 2d Ed., Vol. 2, § 15.02.

The evidence in this matter was submitted by numerous affidavits and brief testimony. Several hearings were held during the course of which the court had opportunity to observe all of the parties. The court also interviewed Edwin, Jr. The parties stipulated that their homes be investigated by the Child Welfare Division of their respective states and written reports thereof furnished the court. This was done. Surely a trial judge with this intimate and revealing association with the situation is in a better position than are the judges of this court, who see only the written record, to choose the environment more advantageous to the child's welfare. Larson v. Larson, 70 S.D. 178, 16 N.W.2d 307.

The trial court was satisfied that plaintiff had a good home to offer. At the same time he expressed misgivings about a couple of features in the defendant's home. However he concluded that the readjustment which Edwin, Jr., would have to make if the modification were granted would not be to his best interest. He is a nervous youngster who feels fairly close to his father. In his mother's home he would be starting over again among strangers. That was also the conclusion of the welfare worker who had made the investigation of the defendant's home. In announcing his decision the trial judge made it clear that this award would be altered if the defendant did not remedy the questioned features of his home. A more detailed recital of the evidence would not be helpful.

In these matters the trial court is vested with a discretion. SDC 14.0724. It is a large discretion. In Weygand v. Weygand, 68 S.D. 1, 297 N.W. 689, 690, this court characterized it as "a wide range of discretion", and in the Larson case said it was a "broad discretion". On appeal we may not interfere with the exercise thereof "until

solemnly persuaded by the record that the court has abused the discretion with which it is clothed by the statute." Wellnitz v. Wellnitz, 71 S.D. 430, 25 N.W.2d 458, 459. We have examined and re-examined this record with care but are not so persuaded. To the contrary, we are satisfied that the court did not abuse its discretion.

Affirmed.

All the Judges concur.