MILLER, Appellant, v. MILLER, Respondent.

*January 11—February 6, 1962.*

584

For the appellant there were briefs by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *William P. Skemp*.

For the respondent there was a brief by *Heywood & Hayes* of Hudson, and oral argument by *Kenneth H. Hayes*.

GORDON, J.    Appellant seeks a review of the trial court's order denying her application for a change of custody. It is noted that the divorce granted on April 8, 1960, was uncontested, and the custody of the children was awarded to the mother upon the husband's stipulation. Also, the change in the custody ordered on July 1, 1960, was the result of an uncontested hearing; Mrs. Miller's failure to oppose the change in custody is alleged by her to have resulted from the threats of her husband recited above.

The question whether the custody of a child should be changed is within the sound discretion of the trial court. The decision of the trial court will be accorded great weight. *Pollock v. Pollock* (1956), 273 Wis. 233, 243, 77 N. W. (2d) 485. Ordinarily only those events which have occurred since the prior custody determination will be considered by

a court at a subsequent custody hearing. *Elies v. Elies* (1941), 239 Wis. 60, 300 N. W. 493.

To establish a policy of finality in litigation, courts have enforced the doctrine of *res judicata*. However, by sec. 247.25, Stats., our legislature has impliedly declared the public policy of this state to be that a prior adjudication of custody is not *res judicata* on the issue of custody. This section of the statutes provides that a court may subsequently revise and alter a divorce judgment with respect to the custody of children, and the court may "make a new judgment concerning the same as the circumstances of the parents and the benefit of the children shall require."

The reason for such policy is apparent: The lives and welfare of minor children should not be concluded by a doctrinaire application of rules of law. In the past this court has applied *res judicata* to certain aspects of a prior custody determination. *Wall v. Wall* (1948), 252 Wis. 339, 31 N. W. (2d) 527. But the doctrine should not be strictly applied. In *Zillmer v. Zillmer* (1960), 8 Wis. (2d) 657, 662, 663, 100 N. W. (2d) 564, 101 N. W. (2d) 703, the following was stated:

". . . the public interest in promoting the welfare of the child has frequently been allowed to temper the harsh application of the rule of *res judicata,* . . . It is logical that the interest of the child and of the public in the child's welfare should not be concluded by the failure of the parents to bring relevant and important facts to the attention of the court."

In the recent case of *Bliffert v. Bliffert* (1961), 14 Wis. (2d) 316, 323, 111 N. W. (2d) 188, this court suggested "that the doctrine of *res judicata* is not to be applied to custody matters with the same strictness as to others."

When the question concerns the custody of the children of divorced parents, the trial judge must not be foreclosed from inquiring into matters antedating the preceding judg-

ment. The doctrine of *res judicata* is not a complete barrier in custody matters if circumstances exist which prompt the trial judge, in his discretion, to go behind the previous determination. Such re-examination should be had only under special conditions. In the case at bar, we consider that the alleged threats by Mr. Miller to his wife may have prompted her to default at the hearing which resulted in the transfer of custody from her to the defendant. If the trial judge is impressed with the merits of that contention, he should be free to exercise his discretion to re-examine the conduct of the parties and the interests of the children without being confined by the doctrine of *res judicata.*

The only contested hearing between these parties was the one held on February 21, 1961; we have doubt that at such hearing the trial judge considered events occurring before July 1, 1960. It is not clear that the learned trial judge recognized that he had the discretion to weigh matters antedating the preceding judgment in arriving at his decision. Because of this uncertainty and because the welfare of minor children is involved, we conclude that the order of April 5, 1961, should be reversed and the matter returned to the circuit court for St. Croix county for further proceedings. Since Judge VARNUM, the judge of such county, heard this matter in its earlier stages, and since the reason for calling in the judge of another circuit is no longer applicable, it seems reasonable that further proceedings be heard by Judge VARNUM. Until further order of the trial court the custody of the children shall remain with the defendant.

*By the Court.*—Order reversed. Cause remanded for further proceedings not inconsistent with this opinion.