## CORALYN STANFORD v. JOHN STANFORD.

123 N. W. (2d) 187.

August 9, 1963—No. 38,974.

---

*Sorensen & Sorensen* and *Herbert C. Davis,* for appellant.
*Samuel Saliterman* and *Leslie S. Shapiro,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Proceedings subsequent to a decree of divorce of the District Court of Anoka County involving custody of Donald Lee Stanford, 9-year-old son of the parties, whose custody was awarded to his mother, Coralyn Stanford, plaintiff herein, in the original decree, dated December 23, 1955. This appeal taken by her is from an order of the District Court of Hennepin County,[1] dated December 17, 1962, wherein the decree, previously amended, was further modified so as to award custody of the child to his father, John Stanford. The order upon which the amended judgment and decree is based is in part as follows:

"Pursuant to an order of this court dated May 2, 1961, custody of the minor child of the parties hereto was awarded to the plaintiff under the supervision of the Department of Court Services.

"On July 20, 1962, the court on its own motion based upon information from the Department of Court Services ordered the parties before the court on August 9, 1962, for the purpose of re-evaluation of the question of custody and further ordered the Department of Court Services to submit a progress report. Such report was submitted August 2, 1962.

"On August 9, 1962, the matter was continued to October 22, 1962, and the Department of Court Services was directed to continue their investigation and submit a further progress report. Such report was submitted October 22, 1962.

---

[1]Venue in the proceedings was originally in the District Court of Anoka County, but subsequently by stipulation of the parties was changed to the District Court of Hennepin County where the parties now reside.

"Each of the reports was read by counsel for each of the parties and written objections were filed to each report by the plaintiff.

"On October 22, 1962, the matter was continued to November 14, 1962, and came on for hearing before the undersigned, presiding judge of the Family Court Division, and testimony was taken and evidence presented that day and on December 6, 1962, and December 13, 1962, on which latter date the testimony was concluded, arguments of counsel were made and the matter submitted.

\* \* \* \* \*

"Now, THEREFORE, upon the reports of the Department of Court Services, the testimony adduced, the evidence presented, the arguments of counsel and all the files, records and proceedings herein,

"IT IS HEREBY ORDERED that paragraphs 2 and 3 of the amended Judgment and Decree entered herein on March 13, 1962, be and hereby are vacated and are modified and amended to read as follows:

" '2. That defendant be, and hereby is, awarded the sole and exclusive care, custody and control of the minor child of the parties under the supervision of the Hennepin County Department of Court Services.

" '3. That the plaintiff shall have the right of visitation with the said child from 1:00 to 8:00 p. m. on the first and second Sundays and from 5:30 p. m. Friday to 8:00 p. m. Sunday on the third week end of each month from September to June, away from the home of the defendant; on the second and fourth week ends during the months of July and August the plaintiff shall have the right to have the child with her away from the home of the defendant from 4:00 p. m. on Friday to 9:00 p. m. on Sunday. The plaintiff may have the child with her on Christmas Eve of 1962 and on the afternoon of Christmas Day in 1963 and such visitation shall continue on alternate years in that manner until the further order of this court; that the plaintiff shall have the duty to notify the defendant 24 hours prior to the time of visitation if for any reason she will not avail herself of the opportunity for visitation.' "

In a memorandum attached to and made a part of such order the trial court stated:

"* * * the Department of Court Services has had the continued supervision of the custody of the child here and a great many hours of effort, thought and analysis have been expended by experienced personnel of that Department that counsel and the Court could be informed of the facts of the environment and home conditions of the child.

"The love, care, attention, and companionship bestowed upon and given to children of tender years by mothers are almost indispensable ingredients in the proper development of the character and personalities of children. It is for this reason that in most cases where circumstances have made it impossible for the family to remain as a unit that the custody of young children is paramount to all other considerations, and custody should be removed from the mother and placed in the father or elsewhere only when the welfare of the children demands such removal and, regretfully, the Court has concluded that such circumstance exists here.

"The record here clearly shows that for many years, and until late 1961 or early 1962, that Coralyn Stanford, the plaintiff here, was a good and devoted mother to Donald, the child of the parties to this action, and during that time provided him with the care, love, attention, and companionship necessary to the development of the child.

"The report also shows that in late 1961 or early 1962 that Coralyn Stanford's attitude toward the child, toward her home and toward her person became completely changed. Whether this change came about because of the head injury which resulted in a brief hospitalization in November of 1961, or by emotional pressures brought on by the schism developing and the difficulties arising between the plaintiff and her mother or by the excessive use of alcoholic beverages on the part of the plaintiff, or by a combination of two or more of these factors, is important only insofar as a mode of treatment or correction may be found. What is important here is the effect of the change and that effect has been, in the opinion of

the Court, to render the plaintiff not a proper person to have the care and custody of the child and to render the home of the plaintiff unsuitable as the home of the child, and to make the continued care and custody of the child by the plaintiff detrimental to the child's welfare. Accordingly, it is the opinion of this Court that it is necessary for the proper welfare of the child that he be removed from the care and custody of the plaintiff and placed in the care and custody of the father, the defendant here, who has demonstrated his love and affection for the child and who has a good home in which this child may live and enjoy a family life."

Plaintiff and defendant were married September 11, 1948, in Minneapolis. On October 31, 1953, a son, Donald Lee Stanford, was born to them. Since December 23, 1955, when the original decree of divorce awarding custody of Donald to plaintiff was entered, plaintiff has paid for practically all of Donald's support and maintenance. He was taken from her custody by defendant on December 29, 1962.

Subsequent to the divorce defendant, John Stanford, was married on April 23, 1958, to Shirley Warnke in Northwood, Iowa; and on December 23, 1961, a daughter was born to them of this marriage. In 1962 plaintiff was married to William Anderson and presently resides with him at 3957 France Avenue in Minneapolis. There are no issue of this marriage.

After the divorce plaintiff and her son first lived at the home of plaintiff's mother, Mrs. Leila Rendernick, in Minneapolis. After living there a short time, plaintiff and her mother purchased a home in Edina where they lived with Donald for a number of years. Discord developed between plaintiff and her mother so that ultimately the latter left this home to establish a residence of her own. Plaintiff then disposed of the Edina home and purchased a double bungalow at 3957 France Avenue South where she continued to live with her son until defendant removed him as above described.

On appeal plaintiff asserts that the trial court erred in receiving in evidence over plaintiff's objection the written reports of the Department of Court Services for Hennepin County.

It is apparent from the order and memorandum above set forth

that the decision of the trial court to award custody of Donald Lee Stanford to his father was based in large measure upon the reports of the Department of Court Services for Hennepin County, made pursuant to L. 1961, c. 527, § 2(8), which provides that it is a duty of this department—

"To make investigations in divorce cases of children and home conditions when directed by a judge of said court, and also to exercise supervision over children in such divorce cases as the court may direct."

Reference to the reports clearly establishes that for the most part they are made up of hearsay statements or conclusions based upon hearsay. Claims are frequently made therein with respect to plaintiff's conduct, the only basis for which appears to be hearsay statements, such as "according to reports," "the school report indicated," and "we have reports." In Thompson v. Thompson, 238 Minn. 41, 55 N. W. (2d) 329, with respect to the considerations to be given reports of this kind, we quoted with approval 27 C. J. S., Divorce, § 317c(6), now included in 27B C. J. S., Divorce, § 317(8), as follows (238 Minn. 44, 55 N. W. [2d] 331):

"* * * The determination of the question [of custody] should be based on the testimony of witnesses tested by cross-examination rather than merely on affidavits, and if objection is made affidavits may not be considered. The question must be determined on evidence produced in court rather than on information obtained by a private investigation, although under some statutes the report of an investigator appointed by the court may be considered, but the report is advisory only."

This court further stated (238 Minn. 46, 55 N. W. [2d] 332):

"The investigation and recommendation of the welfare agency in this case is based almost entirely upon hearsay statements of individuals interviewed. Relator has had no opportunity to cross-examine such witnesses or to refute their charges by other witnesses. The opinion of the psychiatrist is based partly on his interview of rela-

tor and partly on the report of the welfare agency on the assumption that the statements therein could be verified. * * *

* * * * *

"We believe that the rule should be, where there has been no waiver of the right, that an order amending a divorce decree so as to change the custody of children should be based upon a hearing in which witnesses may be cross-examined and in which a record is made which effectively may be reviewed on appeal. * * *

"* * * Affidavits of other individuals present in the court's chambers when the matter was first informally discussed would establish that relator did agree to an investigation by the welfare agency and an examination of relator by a psychiatrist. There is nothing in the record to show that relator intended that such examinations would be conclusive, that she thereby waived a right to a hearing, or that the report of the welfare agency and the psychiatrist should take the place of such hearing. Where rights as vital as the right to a hearing in which a record can be made that may be reviewed on appeal and the right to cross-examine witnesses, upon whose statements a finding of fitness to have custody * * * is to be based, are to be waived, it should be done by written stipulation; or it should clearly be made to appear from the record."

These principles have been applied in a number of other jurisdictions where statutes similar to L. 1961, c. 527, § 2(8), have been enacted. With respect to such a statute in Illinois, the Illinois Supreme Court stated in People ex rel. Bernat v. Bicek, 405 Ill. 510, 526, 91 N. E. (2d) 588, 596:

"* * * It is pointed out that no rights are accorded the parties to the action to rebut the evidence adduced in the prejudgment investigation into the marital and financial circumstances of litigants either by cross-examining the persons from whom such evidence is taken or by presenting contrary evidence * * *. The authority granted the master by section 13 is so sweeping in scope as to make him a prosecutor as well as a judicial officer. But little, if any, protection is afforded parties from arbitrary recommendations of a master based

upon ex parte evidence. This, together with the fact that the parties are not granted the opportunity to cross-examine witnesses who offer testimony out of their presence, is a clear violation of the concept of due process of law."

In Ohio where a similar statute has been enacted, the court of appeals in Holland v. Holland, 49 Ohio L. Abs. 237, 242, 75 N. E. (2d) 489, 492, stated:

"The record discloses that the order of January 10 was in part at least based on a report of the Domestic Relations Bureau of the Court. Nowhere does it appear that either Dorothy Roesler or the plaintiff consented that such report could be considered without being afforded the right to cross-examine the persons from whom the Department Investigator received the information contained in such report. The court is without power to base a modification of an order * * * in part, upon information contained in a report of the Domestic Relations Bureau unless both parties consent thereto."

In Washburn v. Washburn, 49 Cal. App. (2d) 581, 590, 122 P. (2d) 96, 101, the court stated:

"* * * The notion that the report of an investigator is prima facie evidence, or that an investigator may delve into and report on factual matters antecedent to the date of a prior decree, has no legal sanction.

"* * * It is enough to say that an investigator stands in no better position than an ordinary witness, and must be available for complete cross-examination on any matter on which he or she reports at the instance of a judge. * * *

"In the instant case the report submitted violates nearly all the rules. It does not possess a single vestige of judicial restraint. Aside from 'recommending' a change of custody from the mother to the father, the report, which occupies 15 printed pages * * * is * * * a very partial and extreme brief and argument for the defendant. * * * It is almost entirely hearsay, and most of it is hearsay piled upon hearsay, with ample ground for appellant's complaint that

the report impales her on the apex of a pyramid of neighborhood gossip and hearsay. * * *

"The force and influence of the investigator's report upon the judge is revealed by innumerable references to it in his questions to witnesses and his quotations from it as he decided the case from the bench. Moreover, he rested his decision in large part on it as well as on testimony that was inadmissible. For that reason alone, there must be a reversal."

Applying to the present proceedings these well-grounded principles, which are an integral part of due process under both our Federal and state constitutions, we have no alternative except to remand this case for further proceedings in which only relevant and competent evidence shall form the basis for determination of the question of custody here involved. With reference to the reports of the Department of Court Services, it must be understood that the witnesses whose statements comprise such reports shall be present and subject to cross-examination and that otherwise any statements therein which are founded upon hearsay shall be excluded in arriving at a determination as to the fitness of plaintiff to have custody of Donald Lee Stanford. See, Gumphrey v. Gumphrey, 262 Minn. 515, 115 N. W. (2d) 353; Oltmanns v. Oltmanns, 265 Minn. 377, 121 N. W. (2d) 779. We do not condemn the practice of using court agencies to make investigations and reports on custody questions. Where the sole issue is what will best serve the welfare of the child, such reports are an invaluable aid to the court in determining the question. Their use should be encouraged, but care should be taken to give fair notice of the contents of such reports to the parties involved so as to afford them every opportunity to test the credibility of the reporter through cross-examination or otherwise and to meet or answer every adverse fact or inference included therein.

Plaintiff is allowed $250 as attorneys' fees.

Reversed and remanded for further proceedings in accordance with this opinion.