HUCKFELDT, Respondent v. HUCKFELDT, Appellant

(146 N.W.2d 57)

(File No. 10294.  Opinion filed November 2, 1966)

**Stephens, Riter, Mayer & Hofer,** Pierre, for defendant and appellant.

**Joseph H. Bottum, III,** Pierre, for plaintiff and respondent.

HOMEYER, Judge.

Defendant father appeals from an order refusing to modify an amended decree of divorce under which he had been awarded custody of minor children for 10 months of each year and their mother, respondent herein, was awarded custody for 60 consecutive days during the summer nonschool interim. Reciprocal right of visitation was allowed to each parent during noncustodial periods.

The parties were married on November 17, 1954 and the marriage terminated with a default divorce granted to the plaintiff wife on January 30, 1962 and she was awarded full custody of the children with right of visitation permitted appellant at reasonable times and places. Kenneth was then 8 years of age; Carla, 6 years; Marilyn, 5 years; and Cheryl, 2 years. On August 22, 1963, an amended decree providing for divided custody as above set forth was entered upon the application of appellant following an extensive hearing at which affidavits were read and oral testimony presented. No appeal was taken from such amended decree by either party and the children were delivered to appellant following the entry thereof. Respondent had custody of the children for 60 days during the summer of 1964 as provided therein.

On February 4, 1965, appellant secured an order requiring respondent to show cause why the amended decree of August 22, 1963, should not be further modified and amended to eliminate respondent's custodial rights during the summer months. On March 10, 1965, respondent obtained an order requiring appellant to show cause why said amended decree should not be again amended to restore full custody of the children to her. The two show cause orders were heard simultaneously and the trial court denied both applications. The mother has not appealed.

The only question for us to decide is whether the trial judge abused his discretion when he denied appellant's motion to further modify the amended decree of August 22, 1963. We hold no abuse of discretion has been shown.

The applicable legal principles are well settled by our decisions. The welfare of the children is of paramount consideration and superior to the legal rights and claims of either parent. Hoaas v. Hoaas, 75 S.D. 55, 59 N.W.2d 254. The personal wishes and desires of the parents must yield to what the court in the discharge of its duty regards as the best interests of the children. Ulver v. Ulver, 76 S.D. 371, 78 N.W.2d 830. The trial court is permitted a wide discretion, and its discretion will not be disturbed on appeal in the absence of a showing of a manifest abuse, and every presumption supports the reasonableness of the decree. Weygand v. Weygand, 68 S.D. 1, 297 N.W. 689; Larson v. Larson, 70 S.D. 178, 16 N.W.2d 307; Wright v. Stahl, 73 S.D. 157, 39 N.W.2d 875; Nelson on Divorce and Annulment, 1961, Revised Edition, Vol. 2, § 15.50.

Our decisions consistently hold that following the fixing of custody of minor children by a divorce decree, or by an amended decree, there can be no change with respect to custody except upon a showing of changed conditions since the entry of such decree, Application of Habeck and McGuire, 75 S.D. 535, 69 N.W.2d 353, and a modification is justified only if such subsequent conditions have so changed that the welfare of the children demands or at least makes expedient the modification. Ulver v. Ulver, supra. An award of custody is res ad-

judicata under conditions existing when made and a material or substantial change of circumstance must be established to invoke the power of the court to modify under SDC 14.0724. Wellnitz v. Wellnitz, 71 S.D. 430, 25 N.W.2d 458. The rule of "changed circumstances" is not statutory, but a creature of judicial expediency. Its purpose is to protect the court, the parties, and the children from continuing vexatious litigation on questions of custody. Admittedly the welfare of the children is of primary importance, but when it is once decided, and the custodial order is made, it will not be overturned unless a substantial and material change of circumstances has occurred. Any other interpretation would result in endless litigation and continual uncertainty. The burden to show a change of circumstances rests with the party seeking modification. Wellnitz v. Wellnitz, supra. While proof of a change of conditions is a prerequisite to modification of a custody decree, such proof does not necessarily require modification. The mere fact that conditions have changed since the entry of the decree is not sufficient in itself to warrant modification. There must be a showing of a material and substantial change of circumstances affecting the welfare of the children to a substantial or material extent and the two issues are closely intertwined. 27B C.J.S. Divorce § 317(2), p. 539; Ulver v. Ulver, supra.

■ The evidence submitted to the trial court was voluminous. Appellant produced 19 witnesses and submitted 8 affidavits either in support of his application or in opposition to the application of respondent. He also called 9 witnesses in rebuttal. Respondent used 11 witnesses in her case in chief and 3 in rebuttal and also submitted some affidavits. In general the offered proof consisted of accusations and denials, charges and counter-charges, aimed at impressing the court with the competency and desirability, or incompetency and undesirability, of the parties to adequately or properly care for the children in the custodial environments necessitated by the divorce decree. No detailed recital of the evidence will be attempted.

Respondent was 36 years old at the time of the hearing. On September 24, 1964, she had remarried and now lives at Valentine, Nebraska, where her husband, 35 years old, is in the pro-

pane gas business. He also owns and operates a motel and souvenir shop. His net income is about $12,000 per year. Shortly before his marriage to respondent, he obtained a divorce and his former wife was awarded custody of their four minor children. He pays her $200 per month for child support. Respondent and her husband live in an appartment at the motel and she assists in its operation.

Appellant's principal occupation is small grain farming near Fort Pierre. During off-seasons, he trucks grain and seasonally goes north with his machinery to do custom combining. He estimated his overnight absence from home at about one-fourth of each year. He usually goes to work between 5 and 7 a. m. and returns about 9 p. m. He lives with his sister and her husband, Meta and Ivan Shiflet, at Fort Pierre. The Shiflets own and manage a trailer court and the children are cared for in their home at the trailer court. Meta Shiflet is 57 years old and works at a drug store in Fort Pierre. Her customary working hours are from 8 a. m. to 11:30 a. m. and 12:30 p. m. to 6:00 p. m. every day for six days in each week. While she is working the children are cared for either by her husband who is 67 years old and retired or by neighbors living in the trailer court.

The substance of appellant's showing was that when the children were returned to him by their mother in August 1964, after having been in her custody for 60 days, they were undernourished, dirty, unkempt, and highly nervous, and had skin infections, pinworms and had lost weight. Other evidence emphasized the love which he and the Shiflets had for the children and the children for them; improvement in grades at school, church attendance, politeness, appearance, and general behavior following the entry of the amended decree.

On the other hand, respondent's showing generally either refuted this testimony and denied her claimed shortcomings or minimized them, and in turn, she sought to establish uncleanliness, neglect, and improper and inadequate care on the part of appellant and the Shiflets.

We are not particularly impressed with the derogatory proof submitted by either party. We feel both parents still have

love and affection for their children and are sincerely interested in their welfare. When the court amended its decree providing for divided custody, implicit therein was a determination that each parent was a fit and suitable person to have custody of the children. Likewise, in denying the application of appellant to further modify, the court adhered to its previous position that respondent was still a fit and suitable person to have partial summer vacation custody of these children and a continued division of custody was consistent with the welfare of the children under conditions then existing. Cases involving divided custody are always difficult. However, often there is no alternative unless a child is to be cut off entirely from one parent and this is rarely for the best interest of the child. The problems accompanying divided custody are many and have no real solution. Courts can only attempt to do for the child that which their parents have undone for them by severing the marital bond.

We have examined the record carefully and are satisfied that the trial court did not abuse its discretion in denying appellant's motion.

Affirmed.

All the Judges concur.