YAGER, Appellant v. YAGER, Respondent

(159 N.W.2d 125)

(File No. 10491.  Opinion filed May 21, 1968)

**Willy, Pruitt & Matthews,** Sioux Falls, for plaintiff and appellant.

**Robert L. Jones,** Sioux Falls, for defendant and respondent.

ROBERTS, Judge.

This appeal involves the award of the custody of the two daughters of the parties to their father. Plaintiff wife commenced this action alleging extreme cruelty. The husband in addition to answering filed a cross complaint praying that he be granted a divorce and awarded the custody of the children. Plaintiff obtained an order requiring defendant to show cause why their custody should not be awarded to her during pendency of the action. She also sought attorneys fees and support for herself and children. After the hearing temporary custody was awarded to her and defendant was ordered to pay the sum of $30 per week for support of the children.

The judgment herein entered on August 14, 1967, dismissed the complaint, granted defendant a divorce and awarded custody to the father, but reserved a right of visitation in the mother. Plaintiff appealed from that portion of the judgment awarding custody. The court denied defendant's motion to vacate a stay of execution of the judgment and continued temporary custody of the children in plaintiff pending the appeal.

Plaintiff claims that the award of custody to the defendant is not supported by the evidence and is contrary to law because the children are of tender years and "other things being equal" should have been awarded to her.

The decisive rule in respect to the custody of children of parents involved in a divorce action is simply stated in SDC 14.0724: "In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

■■ Neither parent is entitled to custody as a matter of right. The consideration paramount to all others is the welfare and best interests of the children. Larson v. Larson, 70 S.D. 178, 16 N.W.2d 307; Howells v. Howells, 79 S.D. 480, 113 N.W.2d 533. In determining who should have custody a broad discretion is vested in the trial court and it is only when a clear abuse of judicial discretion is evident that this court will interfere with the determination of the trial court. Hines v. Hines, 78

S.D. 464, 104 N.W.2d 375; Septka v. Septka, 80 S.D. 299, 122 N.W.2d 766; Huckfeldt v. Huckfeldt, 82 S.D. 344, 146 N.W.2d 57.

■ ■ The children in the present action who were one and two years old at the time of the entry of the judgment were of "tender years" within the meaning of the provisions of SDC 14.0505(2). This statute provides that in such instance, "other things being equal", custody should be awarded the mother. It is for the trial court to determine whether "other things" are "equal" and in so doing the court must give paramount consideration to the best interests of the children. If the court, as it evidently did in this action, found that other things were not equal, the inquiry then is whether there is substantial evidence to sustain such finding.

The trial court at the close of the trial stated: "The very difficult question is as to the custody of these children of tender years. This mother is young. She is twenty. She certainly has been guilty of serious misconduct. I think that the evidence shows that her misconduct was really the basic cause of their trouble and grounds for divorce and provoked anything that the defendant did by way of use of language or argument, so that I find that she has no cause of action for divorce. Then two recent cases—I can't believe the plaintiff in her denial of this misconduct of these men. The evidence by two people here * * * and the circumstances * * * show improper relations with other men. I think on this record there is nothing I can do but award the custody of these minor children to the father with the right of visitation by the mother." The court found that defendant is a suitable and proper person to have custody and it would be for the best interests of the children that their custody be awarded to him. We deem it unnecessary to detail the evidence justifying the court's ruling; the conduct of the plaintiff in many particulars was similar to that of the wife in Hines v. Hines, supra, holding that because of the marital misconduct of the wife the trial court abused its discretion in awarding custody to the mother.

We have observed that a decree of divorce adverse to the wife does not have controlling effect as to the awarding the cus-

tody of the children to her. Wiesner v. Wiesner, 80 S.D. 114, 119 N.W.2d 920. The record here is not one of a single or occasional indiscretion, but a course of serious marital misconduct.

■ The award of temporary custody to the plaintiff did not require application of the rule of change of circumstances subsequent to that of the interlocutory period to justify transfer of custody. The court is not thus foreclosed from making a thorough inquiry to determine the best interests of the children in awarding custody and decisions arising upon application for modification of an adjudicated custody are not here controlling.

■ ■ Plaintiff may have a tender affection for her children, but their future and permanent custody requires more than affection and a willingness to care for them. The trial judge having heard the evidence and observed the demeanor of the witnesses is better qualified to determine the factual issues. The fact that children, because of their ages, do not understand the improprieties of their mother is not determinative. Currin v. Currin, 125 Cal.App.2d 644, 271 P.2d 61; Mathewson v. Mathewson, 207 Cal.App.2d 532, 24 Cal.Rptr. 466. It clearly appears from the evidence that plaintiff associated with other men, stayed away from her children until the early hours of the morning and that one of these men was found spending the night in plaintiff's home by her husband and a police officer. We agree with the trial court that her denial of misconduct is incredible. Plaintiff's moral concepts and instability and the prospect of an unsuitable environment had a substantial bearing on whether it would not be in the best interests of the children to award her permanent custody. A review of the record compels us to conclude that the trial court did not abuse its discretion in awarding custody to the father.

For the foregoing reasons, the portion of the judgment from which this appeal was taken is affirmed.

All the Judges concur.

WUEST, Circuit Judge, sitting for RENTTO, J., not participating.