ANDERSON, Appellant v. ANDERSON, Respondent

(179 N.W.2d 1)

(File No. 10743. Opinion filed July 27, 1970)

**Dennis E. Marsh, Morton R. Wilkins, Jr.,** Rapid City, for plaintiff and appellant.

**Everett A. Bogue,** Vermillion, for defendant and respondent.

HERSRUD, Circuit Judge.

Sharon Lee Anderson brought an action for divorce against Richard Leroy Anderson. Summons and complaint were served May 12, 1967. Richard Leroy Anderson answered and counterclaimed for divorce. On January 9, 1968 a Property Settlement and Custody Agreement was signed by the parties. On January 10, 1968 trial was held at Vermillion, South Dakota, Judge Bandy presiding. Findings of Fact and Conclusions of Law were waived. Decree of Divorce was signed January 12, 1968 and filed January 16, 1968 granting Richard Leroy Anderson a divorce for the fault of Sharon Lee Anderson and approving the Property Settlement and Custody Agreement which provided for possession of the home by Sharon Lee Anderson and their four minor children. Sharon Lee Anderson was granted custody in the agreement, the husband to pay the wife $25.00 per month for the support of each child until such child attains majority and continues to reside in said dwelling. In addition the defendant was to pay $27.00 per month into a trust fund for the children and maintain health insurance for the children. Custody in the plaintiff was agreed to provided, however, that the defendant shall have reasonable visitation rights and temporary custody of one or more of the children as mutually agreed upon.

The plaintiff gave birth to a child not the child of the defendant in December, 1967, at Rapid City, South Dakota. The plaintiff left Vermillion about December 8, 1967 and removed to Rapid City. The uncontroverted record is that the parties had no sexual intercourse for a period of six months prior to the commencement of this action.

On April 7, 1969 defendant petitioned the Circuit Court for an order modifying the custody provisions of the decree of divorce dated January 12, 1968 so as to award custody of four minor children to the defendant father instead of plaintiff mother. The petition was supported by affidavits of defendant, of defendant's mother, of Pastor Dale Larson, of Ruth Moritz, an aunt of appellant, and her husband Francis, and of plaintiff's brother, Robert Tigert. On the date finally set for hearing on June 9, 1969 defendant and his attorney appeared and presented his case to the Court. The plaintiff caused to be filed in April an affidavit by her, letters from defendant to plaintiff and a daughter Sharon, and statements by a social worker, the Pennington County Director of Poor Relief, and the West River Health Clinic, the last two being unsworn statements. The April date set for hearing was continued by the court order to June 9, 1969. At the June 9 hearing the plaintiff neither appeared in person nor by attorney and after considering the showing made by the respective parties, the Court on June 9 made an order which was filed the same day finding that there had been a material change in the circumstances of the parties and that custody provisions of the divorce decree dated January 12, 1968 should be so modified as to award custody of the children of the parties to the defendant; that it would be for the benefit, best interests, and health of said children to so modify the custody provisions and it was so ordered and on the 10th day of June custody of the children was delivered to the defendant and they have been with him ever since. The plaintiff appeals.

The plaintiff at the time of the divorce action concealed the pregnancy in her complaint and later in her answer to Interrogatory 21 which requested information as to her association with other men not in the presence of her hus-

band which she answered under oath in effect that she had no association with other men. This was on May 31, 1967 some six to seven months prior to the birth of the child. The action was started May 12, 1967 and the uncontroverted testimony is to the effect that there was no sexual intercourse between the parties for a six months period to May 12, 1967. So the parties had not cohabited for about a year prior to the birth of the child.

■ At the divorce with the plaintiff present and having signed a custody agreement which referred to only the four children of these parties, there exists in the birth of another child special circumstances which should permit the Court to go behind its previous determination in these custody matters. In Miller v. Miller, 15 Wis.2d 583, 113 N.W.2d 403, the Wisconsin Court, without discarding the rule of res adjudicata, recognized that there exist special conditions which should permit a Court to go behind its previous determination in these custody matters.

Nebraska and Iowa have both had occasions to decide cases where a mother had not revealed to the Court or to her husband, or anyone else interested in the case, that she was pregnant by a man other than her husband. Fisher v. Fisher, Neb., 176 N.W.2d 667, and Harwell v. Harwell, 253 Iowa 413, 112 N.W.2d 868. They both held that when the pregnant condition was not discernible by the exercise of reasonable diligence, it was such a change in circumstances as to permit modification of the prior decree.

■ It is not clear and definite from the affidavits that defendant did not know of the pregnancy or her pregnant condition was not discernible to him by the exercise of reasonable diligence under the circumstances nor did the Court make any finding or indication on that issue. For that reason the order is reversed and remanded to the Circuit Court for that determination. A finding of plaintiff's adultery resulting in birth of a child, her concealment of that fact and denial of association with other men might well be a change of circumstances to support the change of custody, assuming,

of course, the trial Court also finds it would be for the best interest of the children.

Reversed and remanded for further proceedings in accordance with this opinion.

All the Judges concur.

HERSRUD, Circuit Judge, sitting for ROBERTS, P. J., disqualified.