ANDERSON, Appellant v. ANDERSON, Respondent

(201 N.W. 2d 394)

(File No. 10934. Opinion filed October 20, 1972)

**Jon Mattson,** Deadwood, for plaintiff and appellant.

**Bogue & Weeks, Everett A. Bogue,** Vermillion, for defendant and respondent.

WINANS, Judge.

This case comes before the Court for the second time. The former appeal is reported in 85 S.D. 152, 179 N.W.2d 1 (1970), wherein the factual situation is set forth and will not be repeated here. This Court reversed and remanded in the following language and for the following purpose:

"It is not clear and definite from the affidavits that defendant did not know of the pregnancy or her pregnant condition was not discernible to him by the exercise of reasonable diligence under the circumstances nor did the Court make any finding or indication on that issue. For that reason the order is reversed and remanded to the Circuit Court for that determination. A finding of plaintiff's adultery resulting in birth of a child, her concealment of that fact and denial of association with other men might well be a change of circumstances to support the change of custody, assuming, of course, the trial Court also finds it would be for the best interest of the children."

Pursuant to the above remand a hearing was held on August 28, 1970 before the Circuit Court. Both plaintiff and defendant appeared personally and by attorney. The Circuit Court, after the presentation of the evidence and after having taken the files for consideration rendered his memorandum decision on October 1, 1970, in which he reviewed the proceedings and the issue as to pregnancy and also gave consideration to the best interests of the children. It was his finding and conclusion that the defendant did not know of plaintiff's pregnancy while she was pregnant with the child born December 22, 1967 and that he exercised reasonable diligence to determine whether or not plaintiff was pregnant and that such reasonable diligence failed to reveal to defendant such pregnancy prior to and at the time the parties entered into the stipulation of custody of the four minor children. The court also in such memorandum decision arrived at the conclusion that custody should be awarded to their father, the defendant, with reasonable visitation rights granted to the mother, the plaintiff, and directed the modification of the decree of divorce in accordance with such memorandum decision. Findings of Fact and Conclusions of Law were entered by the Court in accordance therewith, and a Judgment was signed October 14, 1970 in which it was, among other things,

"ORDERED, ADJUDGED AND DECREED that the decree of divorce entered by this court in the above entitled action, dated January 12, 1968, be and the same is hereby modified and amended to award to the defendant

Richard Leroy Anderson the care and custody of the minor children of the parties, namely, Bonnie Sue Anderson, Kimberlee Ellen Anderson, Dawn and Keith Allen Anderson.

*      *      *      *      *      *      *      *

It is further ORDERED, ADJUDGED AND DECREED that the plaintiff shall have the right to visit said minor children at the home of the defendant at all reasonable times."

The appeal on the part of the plaintiff from the court's determination is based principally upon receipt of affidavits by the trial court over objections by the plaintiff and insufficiency of the evidence or of competent evidence to support the court's determination and the court's allowing the defendant to put in additional evidence after he had rested.

In Christensen v. Christensen, 85 S.D. 653, 190 N.W.2d 62, this court said:

"It is well settled in this jurisdiction that proceedings to modify a divorce decree relating to custody of minor children may properly be brought on by order to show cause and the determination of the court results in an order. Contrary to appellant's contention, no findings of fact are contemplated or necessary in such cases. Foster v. Foster, 66 S.D. 395, 284 N.W. 54, and Weins v. Weins, 70 S.D. 620, 20 N.W.2d 228. However, such determination must be based upon competent evidence produced at a hearing which may be tested by cross-examination and effectively reviewed on appeal. Stanford v. Stanford, 266 Minn. 250, 123 N.W.2d 187 and McGuire v. McGuire, Fla.App., 140 So.2d 354."

In Yager v. Yager, 83 S.D. 315, 159 N.W.2d 125, we held:

"Neither parent is entitled to custody as a matter of right. The consideration paramount to all others is the

welfare and best interests of the children. Larson v. Larson, 70 S.D. 178, 16 N.W.2d 307; Howells v. Howells, 79 S.D. 480, 113 N.W.2d 533. In determining who should have custody a broad discretion is vested in the trial court and it is only when a clear abuse of judicial discretion is evident that this court will interfere with the determination of the trial court. Hines v. Hines, 78 S.D. 464, 104 N.W.2d 375; Septka v. Septka, 80 S.D. 299, 122 N.W.2d 766; Huckfeldt v. Huckfeldt, 82 S.D. 344, 146 N.W.2d 57."

In Huckfeldt v. Huckfeldt, 82 S.D. 344, 146 N.W.2d 57, we held:

"The applicable legal principles are well settled by our decisions. The welfare of the children is of paramount consideration and superior to the legal rights and claims of either parent. Hoaas v. Hoaas, 75 S.D. 55, 59 N.W.2d 254. The personal wishes and desires of the parents must yield to what the court in the discharge of its duty regards as the best interests of the children. Ulver v. Ulver, 76 S.D. 371, 78 N.W.2d 830. The trial court is permitted a wide discretion, and its discretion will not be disturbed on appeal in the absence of a showing of a manifest abuse, and every presumption supports the reasonableness of the decree. Weygand v. Weygand, 68 S.D. 1, 297 N.W. 689; Larson v. Larson, 70 S.D. 178, 16 N.W.2d 307; Wright v. Stahl, 73 S.D. 157, 39 N.W.2d 875; Nelson on Divorce and Annulment, 1961, revised Edition, Vol. 2, § 15.50."

In this case on the former appeal, we held:

"At the divorce with the plaintiff present and having signed a custody agreement which referred to only the four children of these parties, there exists in the birth of another child special circumstances which should permit the Court to go behind its previous determination in these custody matters. In Miller v. Miller, 15 Wis.2d 583, 113 N.W.2d 403, the Wisconsin Court, without discarding the

rule of res adjudicata, recognized that there exist special conditions which should permit a Court to go behind its previous determination in these custody matters."

■ ■ Applying the guidelines enunciated by the above cited cases we hold that the Court acted within its proper discretion and that there is sufficient competent evidence to support his action in changing custody. We also hold that the trial court did not commit error in permitting defendant to withdraw his rest after offering in evidence the sworn petition of defendant and his corroborating affidavits.

■ The plaintiff complains of an affidavit read into the record which was executed by her original attorney. Without going into the contents of the affidavit, we are of the opinion that such affidavit violated the attorney-client relationship. SDCL 19-2-4. Plaintiff's original attorney, now deceased, did a disservice to the interests of his former client on a vital issue of this lawsuit in executing the affidavit. It ought not to have been solicited, executed, offered or received in evidence. However, there was other competent evidence to support the court's decision and we see no useful purpose in laboring the point.

■ We have noted before in this opinion that the court's judgment or decree or order allowed the plaintiff reasonable visitation rights "at the home of the defendant". There is nothing in the record or in the evidence or in the memorandum decision or in the court's findings of fact and conclusions of law to require such rights to be exercised in the defendant's home. The evidence does show rather conclusively that if such rights were so exercised they would be exercised in a very hostile and difficult atmosphere for the plaintiff. We hold that the visitation rights allowed plaintiff should not be so burdened. It may well be that if the parties do not act responsibly the court will be required at a later date to define those visitation rights with more explicitness, but for the time being and based upon the record before us the trial court should modify its order to allow the plaintiff reasonable visitation rights, including her right of custody during a reasonable period of time during the school vacation months in the summer, and other holiday and vacation periods, with support money.

Reversed in part and affirmed in part as hereinbefore set forth. Costs are to be taxed in favor of the plaintiff.

HANSON, P. J., and BIEGELMEIER and DOYLE, JJ., concur.

WOLLMAN, J., concurs in part and dissents in part.

WOLLMAN, Judge (concurring in part and dissenting in part).

I concur in that part of the majority opinion that relates to the affidavit of plaintiff's original attorney. I dissent from the remainder of the majority opinion, however, because after reviewing the record I am left with a definite and firm conviction that the trial court was mistaken in finding that defendant did not know of plaintiff's pregnancy. In re Estate of Hobelsberger, 85 S.D. 282, 181 N.W.2d 455.