DAVIS et al., Respondents v. KRESSLY, Appellant

(107 N.W.2d 5)

(File No. 9864. Opinion filed January 9, 1961)

**Homeyer & Robbins**, Selby, for Defendant and Appellant.

**Newell E. Krause**, Lemmon, for Plaintiffs and Respondents.

SMITH, J. In this action, wherein service of process upon defendant was by publication, he appeals from a default judgment, and from an order overruling his motion for an order vacating such judgment and for leave to answer.

The record as a whole reveals some background facts which should be briefly outlined. Defendant is the owner of a Perkins county ranch where he made his home prior to November 1951. He then entered into a contract with plaintiffs whereby he leased a Lemmon, Perkins county, South Dakota, business building for a monthly rental of $250. Thereafter he maintained his home in an apartment in that building until June 1954 when differences arose between the parties and he thereupon vacated the building and discontinued rental payment. By 1958 he had become a resident of Pennington county. In August of that year a summons and complaint was prepared by counsel for plaintiffs in an action by plaintiffs against defendant in circuit court of Perkins county wherein they sought to recover the amount of rent alleged then to be due under the described contract of lease. Failing in an attempt to make personal service, the sheriff of Perkins county made a substituted service under SDC 1960 Supp. 33.0808 at the dwelling on the Perkins county ranch by leaving a copy of the summons and complaint with the wife of defendant's son Robert. Subsequently, on November 10, 1958, the circuit court of Perkins county entered a default judgment against defendant based on that service for $14,535.25. Execution issued under this judgment and levy was made upon a herd of cattle on the ranch in possession of the son Robert. At this juncture counsel for defendant had his first contact with the matter as counsel for Robert. Predicated upon Robert's assertion that his father had not lived on the ranch for several years

and his slaim of ownership of the herd of cattle, plaintiffs' counsel released the levy. In November 1959 counsel for plaintiffs issued a new summons and complaint in an action by plaintiffs against defendant in the circuit court of Perkins county based on the same cause of action, and procured an order for service of process by publication as provided by SDC 1960 Supp. 33.0812(2). Predicated upon this constructive service, the circuit court of Perkins county, without expressly vacating the above described judgment, on January 20, 1960 entered a judgment by default against defendant for $18,595.05. Thereafter an order was entered vacating the judgment first described. The contention we are about to consider deals with the judgment of January 20, 1960, which we find it convenient to describe as the second judgment.

It is contended that the court erred in ordering service by publication and in entering the second judgment because due diligence to find the defendant within the state was not shown by the sole affidavit upon which the order for service was predicated.

The service by publication was sought under SDC 1960 Supp. 33.0812(2) authorizing such service

"Where the person on whom the service of the summons * * * is to be made cannot, after due diligence, be found within the state and that fact appears by affidavit to the satisfaction of the Court or a Judge thereof, and it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made * * *

"(2) Where the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors or to avoid the service of a summons or keeps himself concealed therein with like intent;"

The questioned affidavit upon which the order for publication and judgment rests became a part of the

judgment roll, SDC 1960 Supp. 33.1711(1) and is presented for review by the appeal from the judgment. SDC 1960 Supp. 33.0710. The contention we are considering is made under such a direct attack upon the judgment in question.

■ The test of the sufficiency of the showing of due diligence, as evidenced by the assailed affidavit, is not whether it shows the use of all possible or conceivable means to find defendant within the state, but whether it reveals that all reasonable means have been exhausted in an effort to so find defendant. Cone v. Ballard, 68 S.D. 593, 5 N.W.2d 46; Berry v. Howard, 33 S.D. 447, 146 N.W. 577; Grigsby v. Wopschall et al., 25 S.D. 564, 127 N.W. 605, 37 A.L.R., N.S., 206; Coughran v. Markley, 15 S.D. 37, 87 N.W. 2; and Opinion of Judge Shannon, 1 Dak. Appendix 500.

The statute SDC 1960 Supp. 33.0812, supra, requires a showing by affidavit to the satisfaction of the trial judge. And it has been pointed out that

> "Facts within the personal knowledge of the affiant, not conclusions, opinions, or beliefs, should be stated. It is not enough to state the ultimate fact in the language of the statute. Competent evidence should be produced by affidavit alone from which the court or judge can judicially determine. whether reasonable diligence has been exercised."

Coughran v. Markley, supra.

In its order for constructive service the trial judge found "that Lloyd T. Kressly, the Defendant, cannot, after due diligence, be found within the State of South Dakota, and the Court finding that that fact appears by the Affidavit and files and records to the satisfaction of the Court * * *."

■ ■ As in all other instances of the review of the exercise of a legal discretion by the trial court, our function in this case is to determine whether there has been an abuse of discretion. In other words, we are not to determine whether the judges of this court would have made an original like ruling, but rather whether we think a judicial mind. in view of the law and the circumstances of the particular case, could

reasonably have reached such a conclusion. Cf. Slagle & Co. v. Bushnell, 70 S.D. 250, 16 N.W.2d 914, 156 A.L.R. 1070. Here, of course, the facts are not in conflict.

We pause to point out that in this direct attack upon the judgment below, we may not content ourselves with ascertaining whether the evidenced probative facts were merely sufficient to call into exercise the judicial mind in resolving the issue, as in a case involving a collateral attack (Cf. Coughran v. Markley, supra, and Vorburg v. Vorburg, 18 Cal.2d 794, 117 P.2d 875); we must determine whether, viewed in the light of the law and the circumstances, the finding and order of the trial court is supported by reason.

We do not reproduce the affidavit in full. We attempt to arrange the information contained therein dealing with the efforts of affiant to find defendant in South Dakota in chronological order.

The affiant, counsel for plaintiffs, was well acquainted with defendant and his affairs. He talked with him on the streets of Lemmon just before or just after he issued the summons and complaint, first described supra, in August 1958. Information came to him that defendant had been frequently seen on the streets of Rapid City, Pennington county, South Dakota. On August 7, 1958, he forwarded summons and complaint to Rapid City and they were placed in the hands of the sheriff of Pennington county for service. Late in August 1958 he also placed copies in the hands of the sheriff of Perkins county in Bison, South Dakota, and of the chief of police of Lemmon for service on defendant. The sheriff of Perkins county and the local banker were then of the opinion that defendant was making his home at the Perkins county ranch. On September 26, 1958 the sheriff of Perkins county made a dwelling house service on defendant at the ranch buildings by serving Mrs. Robert Kressly, wife of defendant's son. Thereafter a default judgment, based on such service, was rendered and an execution issued. A levy was made on cattle in Perkins county. On December 11, 1958 affiant conferred with Robert Kressly and his counsel, Fred J. Homeyer (the present counsel of de-

fendant). A stipulation resulted releasing the levy. The stipulation read in part as follows:

"* * * the said Robert R. Kressly will presently use his best efforts to ascertain the whereabouts of the said Lloyd T. Kressly and notify him that judgment has been entered against him by default in the above action, and request that the said Lloyd T. Kressly promptly return to South Dakota for the purpose of taking such proceedings as he deems necessary and advisable to relieve him from said judgment by default and the effect thereof."

On or about January 21, 1959 affiant was advised by the sheriff of Pennington county by mail:

"Dear Sir: Sorry but we are unable to serve these papers on Lloyd T. Kressly. This defendant is definitely out of Rapid City and we are unable to find out where he is located."

On March 31, 1959 affiant received a letter from Mr. Homeyer of Homeyer & Robbins, defendant's counsel reading:

"Re: Raney vs. Kressly
"You will recall that last winter, I called on you pertaining to the above case on behalf of Robert Kressly. Default Judgment had been entered against Lloyd T. Kressly on November 10, 1958, and a levy had been made on some cattle and the levy was vacated under our stipulation.

"Lloyd T. Kressly has just returned to South Dakota and he has retained me in the matter. He called at the office yesterday. He plans to be at Rapid City now until at least next fall and his address is Box 140, Dark Canyon, Rapid City, South Dakota.

"We plan to make application to the Court to vacate this default judgment, but thought perhaps it could be handled by stipulation, inasmuch as Kressly is now back in South Dakota so that he can

be personally served. You will recall that we discussed the matter and it is our recollection that you indicated that you would be agreeable to stipulating that the Court enter its Order vacating the default judgment, if personal service could be made on Kressly.

"It would be appreciated if you would let me know on this by return mail, because as stated, if you will not stipulate on the matter, I plan to promptly make application to the Court for an Order vacating said judgment."

Thereafter at a time not stated by affiant copy of the original August 1958 summons was again forwarded to the sheriff of Pennington county and said sheriff "informed that they attempted service several times". On May 21, 1959 the sheriff wrote "Defendant has gone to Alaska, unable to advise when he will return."

On May 15, 1959 affiant received a further letter from Mr. Homeyer which explained that because of press of other matters he had been unable to prepare a proposed form of stipulation in the matter, but he would "have everything pretty much out of the way by the end of next week and should get this stipulation to you shortly."

Affiant states "Thereafter I had a conference with Mr. Homeyer and he said that his client had never contacted him since and he questioned his authority to make a voluntary appearance."

Thereafter Robert Kressly, at a time not stated, informed affiant that his father was then in Rapid City, and the summons, at a time not stated, was again placed in the hands of the sheriff of Rapid City. On September 11, 1959 that sheriff reported "I have been unable to locate this defendant, he lives nine miles west of Rapid City, and I have been out to his residence twice and cannot find out a thing, this date, I heard he has gone to Canada and from there plans to go to Europe."

At the time of forwarding the summons, as above mentioned, to the Rapid City sheriff, affiant also placed copies in the hands of the chief of police of Lemmon for service.

Affiant further states "Upon the foregoing, I state that the residence of Lloyd T. Kressly is Box 140, Dark Canyon, Rapid City, South Dakota. Dennis Van Houten, a former resident of Lemmon, South Dakota, now a resident of Rapid City, South Dakota, has informed me that Lloyd T. Kressly owns a home at said residence."

Other matters set forth in the affidavit do not bear on the issue of diligence we are considering.

The new summons dated November 18, 1959, and a new complaint based on the same cause of action above described, and counsel's described affidavit were filed and presented to the court. Thereupon, based upon the information contained in that affidavit, which included the fact that defendant owned a home and lived in Pennington county, the circuit court of Perkins county, in this action for the recovery of money, ordered constructive service of process with publication of summons in Lemmon in Perkins county.

Summarizing, this affidavit informs a reader that an original summons was issued in August 1958 and was placed in the hands of the sheriff of Pennington county at Rapid City, the sheriff of Perkins county at Bison, and the chief of police at Lemmon. Nothing much is stated as to the activity of the officers in Perkins county except the attempt at substituted service of the sheriff at the ranch home on September 26, 1959. Long after default judgment had been entered based on such service, the sheriff of Pennington county is said to have reported January 1, 1959 that defendant was definitely out of Rapid City. On March 31, 1959 affiant was advised that defendant was at a fixed address in Rapid City. The affidavit becomes very vague at this point. It fails to state when thereafter a summons was forwarded to Rapid City for service, and how soon reports were received from the sheriff, except that it states a report was received as of May 21, 1959 that defendant had gone to

Alaska. At about that time an atempt was made to gain a voluntary appearance from defendant, either by admission of service or stipulation of counsel. But Mr. Homeyer finally advised he questioned his authority to make an appearance for defendant. At a later date, which is not fixed, Robert informed counsel his father was at Rapid City, and again a summons which we assume to have been the original summons, under which a judgment had been entered, was forwarded to the sheriff at Rapid City. On September 11, 1959 the sheriff reported he had been out to the residence of defendant twice and could not find out a thing.

After a lapse of sixty days of inactivity the new summons and complaint and this affidavit were placed on file, and application was forthwith made to the court for its order for constructive service.

Ignoring the fact that after the summons of November 18, 1959 was issued, no effort whatsoever was made to find the defendant within South Dakota and make personal service, and treating all of the conduct described in the affidavit as directed to finding defendant in South Dakota for the purpose of personally serving him with process in this action, we deem the showing insufficient to withstand direct attack on appeal. The trial court could reasonably conclude counsel had made an honest effort to serve defendant personally and to that end had placed process in the hands of officers who could reasonably be expected to succeed in making the desired personal service. However, such diligence as was exercised in the actual effort to find defendant was put forth by these officers and there is almost a total absence of competent evidence of the diligence actually exercised by these men in their efforts to find defendant within the state. They were available and their evidence could have been presented to the court by affidavit as contemplated by SDC 1960 Supp. 33.0812, supra. Without such evidence the trial court could not know whether every reasonable effort had been exhausted to give defendant personal notice. Plummer v. Bair, 12

S.D. 23, 80 N.W. 139; Fowler v. Fowler, 190 N.C. 536, 130 S. E. 315; and Peck v. Cook, 41 Barb., N.Y., 549.

A further fact stands out. Plaintiffs' counsel had notice that Mr. Homeyer, who offices at Selby, Walworth county, about 120 miles east of Lemmon, had been retained by defendant in this very matter. The affidavit indicates no inquiry of Mr. Homeyer for several months prior to the date of the application for the order for constructive service. Diligence which fails to include a recent inquiry as to his whereabouts of counsel, known to have been retained by defendant in connection with the subject matter, in our opinion, can neither be characterized as reasonable nor due. We are of the further opinion that counsel's indicated mere uncertainty as to whether Mr. Homeyer was continuing as counsel for defendant was not sufficient to excuse this added reasonable effort to ascertain whether personal service could be made.

As indicated, it is our holding that the trial court abused its discretion in determining that due diligence had been exercised in attempting to find defendant in South Dakota. Such being our view, other matters presented, which otherwise would merit discussion, are not reached and need not be considered.

The judgment of the trial court is reversed.

All the Judges concur.