**Carol Henning HAVENS, Plaintiff and Appellee,**

v.

**Donald Melvin HENNING, Defendant and Appellant.**

**No. 15661.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 8, 1987.

Decided Jan. 20, 1988.

Ronald W. Banks and Wayne F. Gilbert of Banks, Johnnson, Monserud, Johnson, Colbatah & Huffman, Rapid City, for plaintiff and appellee.

Ronald A. Brodowicz, Rapid City, for defendant and appellant.

ANDERSON, Circuit Judge.

This is an appeal from the Circuit Court's Order Modifying Decree of Divorce which retroactively increased the noncustodial parent's (father's) child support obligation. We affirm.

The parties were divorced on July 16, 1973 and the plaintiff (mother) was granted custody of the three minor children. The father was ordered to pay child support of $75.00 per child per month. On September 24, 1985 mother petitioned the Circuit Court to increase father's child support obligation for the two remaining minor children. After considerable discovery and a hearing on August 25, 1986, the Circuit Court entered its Findings of Fact and Conclusions of Law and its Order Modifying Decree of Divorce. The Circuit Court found that the father's net monthly income was $2,100.00 and increased his child support obligation to $334.00 per child per month.

The father's main contention on appeal is that the Circuit Court abused its discretion and misapplied SDCL 25–7–7 in setting the current child support obligation.

SDCL 25–7–7 provides guidelines for establishing an obligor's child support obligation. These guidelines are mandatory in all cases if the obligor's net monthly income does not exceed $1,500.00. They may, however, be deviated from if specific findings of fact are made in areas enumerated by the statute. The statute provides further:

> For an obligor with net income above one thousand five hundred dollars, the child support obligation shall be established at an appropriate level. However, in no case may the amount of support ordered be less than the amount as provided at the one thousand five hundred dollar net income range.

The Circuit Court must exercise discretion in setting the child support obligation when the obligor's net monthly income exceeds $1,500.00. Of course, this discretion is not unfettered but must have a sound basis in the evidence presented. *Masek v. Masek*, 89 S.D. 62, 228 N.W.2d 334 (1975). In reviewing the lower Court's decision this Court is "... not to determine whether the judges of this court would have made an original like ruling, but whether we think a judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion." *Davis v. Kressly*, 78 S.D. 637, 107 N.W.2d 5 (1961). In order to accomplish our review we must examine the findings and conclusions entered by the Circuit Court.

When a Court is required to exercise discretion in setting a child support obligation the Court must consider the reasonable needs of the child and the obligor's ability to pay. *Gross v. Gross*, 355 N.W.2d 4 (S.D.1984), *Wallahan v. Wallahan*, 284 N.W.2d 21 (S.D.1979). The Circuit Court's Findings of Fact reveal that it considered the vastly increased net income of the father since the divorce; the increased cost of living; the increased cost of raising children; the increased cost of raising children as they get older; and the fact that one child has reached her majority in arriving at the father's increased child support obligation. While these items are certainly not the exclusive criteria, they are relevant to the issue and do support the lower Court's decision to increase the father's child support obligation. We find no abuse of discretion.

We are not unmindful of the references made by the Circuit Court in ruling from

the bench and also in its Findings of Fact and Conclusions of Law that the statutory guidelines (SDCL 25-7-7) affect the amount of child support which should be ordered when the obligor's monthly net income exceeds $1,500.00. If a mathematical extrapolation from the table in SDCL 25-7-7 were the only basis for the Circuit Court's decision we would be forced to reverse and remand with directions that the Circuit Court make specific findings of fact concerning the needs of the child and the obligor's ability to pay.

We find the appellant's remaining arguments to be without merit. The appellant's request for attorney fees on appeal is denied.

All the Justices concur.

ANDERSON, Circuit Judge, sitting for HENDERSON, J., disqualified.