In the Matter of the ESTATE OF
Robert E. DONAHUE, Deceased.

No. 16977.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1990.

Decided Dec. 19, 1990.

Thomas E. Brady of Richards, Hood &
Brady, Spearfish, for appellees.

Robert W. Gunderson of Gunderson, Far-
rar, Aldrich & DeMersseman, Doyle D.
Estes, Rapid City, for appellant.

ANDERSON, Circuit Judge.

Appellant Jean Donahue (wife) is the sur-
viving widow of Robert E. Donahue (dece-
dent). Wife appeals from the final decree
of distribution of decedent's estate arguing
that certain federal veterans benefits
should not have been included in the aug-
mented estate. We affirm the trial court
on all issues.

## FACTS

Decedent died testate on April 14, 1987.
He is survived by wife and appellees, three
children from a previous marriage and
three grandchildren. Wife claimed an
elective share in decedent's estate as pro-
vided by SDCL 30–5A because decedent
gave the bulk of his estate to his children
and grandchildren during the two years
before his death.

Wife moved to South Dakota in 1978 to
live with decedent. Her assets consisted of
$778.05 cash in three bank accounts in Eff-
ingham, Illinois; Series E bonds that were
cashed in for $380.00 after their marriage;
a house that sold in April 1979 netting
$16,492.84; a car, household goods, furni-
ture and appliances. Wife paid nearly
$4,000.00 in health insurance premiums
during 1979, 1980 and 1981. In the fall of
1981, wife underwent two major surgeries.
Medical insurance did not cover her medical
expenses for these surgeries. Wife paid
the medical bills totalling nearly $4,000.00
out of her personal funds. This depleted
most of her assets. Shortly after these
surgeries wife and decedent married. This
marriage brought wife under decedent's
health insurance coverage.

Due to decedent's alcoholism, manifested
by binge drinking, and both parties' health
problems, the relationship was stormy.
Regardless, they traveled extensively, in-
cluding two trips to Ireland, several trips a

year to Seattle and winters in Florida, Texas or Mexico. They attempted to keep their finances separate, paying their own expenses and maintaining separate bank accounts. Neither party worked during the marriage and at no time did wife earn any income. They lived off decedent's income exclusively.

Decedent's disposable cash income from 1981 through 1987, inclusive, from work, social security, pension, IRA income and other assets totalled $128,759.94. Further, decedent's sister died in 1984 and he inherited the net sum of $74,476.58. Decedent contributed more than $203,000.00 in cash assets to the marriage in addition to other assets such as health care and PX benefits.

In 1985 decedent was diagnosed with lung cancer. After this diagnosis, he began to dispose of his personal assets and property through gifts to his children and grandchildren. The trial court determined that the total net value of these gifts, after exemptions provided by law, was $114,-829.00.

Decedent's will listed specific property that he wanted wife to have after his death, including their house, a car and the balance in various checking accounts. Other assets in wife's possession at the time of decedent's death included a small amount of stock and personal property including household goods. These assets were valued, for the purposes of compiling the augmented estate, at $28,210.35 in favor of wife.

Decedent made no statement in his will regarding his Veterans Administration and Civilian Health and Military Program Uniform Service (CHAMPUS) health benefits. The trial court included these benefits in the augmented estate. The trial court set the commuted value of these benefits owed wife as the surviving spouse at $54,000.00. This was done by calculating wife's projected life span, multiplying that time period by the monthly Veteran's Administration and CHAMPUS benefits, and then reducing the total to present value. Veteran's Administration survivor benefits of $337 a month multiplied by wife's life expectancy of 282.84 months totaled $95,317.08. This

commuted to a present value of $45,000.00. CHAMPUS benefits until age 65 were calculated at 72 months at $157 per month equalling $11,304.00. This commuted to a present value of $9,000.00.

The trial court concluded that the total assets and present value of benefits in wife's possession as of decedent's death on April 14, 1987, was $82,238.10. Decedent provided the vast amount of these assets because wife's assets were substantially depleted at the time of their marriage.

The trial court calculated the augmented estate by adding decedent's gifts to children and grandchildren totalling $114,-829.00 to the total assets in wife's possession, $82,238.10. From this, total expenses of the funeral and costs of administration of $1,941.10 were deducted to reach a net augmented estate of $195,126.00.

The trial court exercised its equitable powers and awarded wife $92,238.10. This amount included the assets in wife's possession on the date of decedent's death, the commuted value of the Veteran's Administration and CHAMPUS benefits and an award of $10,000.00 to be paid from the gifts decedent made to his children and grandchildren. Wife disagrees with the inclusion of the Veteran's Administration and CHAMPUS benefits in computing the elective share award. She alleges it improperly limits her recovery to $10,000.00 out of a net augmented estate of approximately $195,000.00 and appeals from the trial court's final decree of distribution.

## STANDARD OF REVIEW

Recent decisions of this court have made it clear that the equitable determination in an elective share proceeding is within the discretion of the trial court and will not be overturned absent an abuse of that discretion. *Matter of Estate of Pejsa*, 459 N.W.2d 243 (S.D.1990); *Matter of Estate of Clyde*, 423 N.W.2d 513 (S.D.1988); *In Re Estate of Smith*, 401 N.W.2d 736 (S.D. 1987); *see also* 1 S. Childress & M. Davis, *Standards of Review*, § 4.21, p. 287 et seq. An abuse of discretion will be measured by an objective reasonableness standard. As

stated in *Davis v. Kressly*, 78 S.D. 637, 107 N.W.2d 5, 8 (1961):

> [W]e are not to determine whether the judges of this court would have made an original like ruling, but rather whether we think a judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.

Stated another way, a trial court's findings of fact and the subsequent application of discretion shall not be disturbed unless there is clearly no basis in reason or evidence to support that finding. *Pejsa* at 245.

## DECISION

### I

██ Wife claims the augmented estate should not include decedent's Veterans Administration and CHAMPUS benefits because it is a statutory entitlement that decedent never paid for. Wife also claims that decedent lacked property rights to these government benefits. In other words, wife owns these benefits and they are not properly included in the decedent's augmented estate. Wife then alleges that the trial court erred by reducing the amount of wife's elective share by the commuted value of the Veterans Administration and CHAMPUS benefits. These issues are connected. If a property interest existed in decedent and wife for ownership of these benefits then the commuted value of the benefits is properly included in the augmented estate.

Wife concedes that these are statutory benefits but then claims that this fact, coupled with the gratuitous nature of the benefits, shows decedent lacked property rights to these benefits. South Dakota law clearly includes "rights created or granted by statute"[1] in the definition of property subject to ownership. Further, the gratuitous nature of these benefits, assumed because decedent never paid a cent for them,

is spurious. Rather than a mere gratuity, such benefits are consideration for past services, usually instead of a higher salary. This court has previously held that retirement and pension plans are divisible marital assets in divorce actions. *Stubbe v. Stubbe*, 376 N.W.2d 807 (S.D.1985). We now extend that rule to include survivor's benefits in the context of decedent estates.

Finally, the language of SDCL 30–5A–2 is intended to include a survivor's death benefits as part of the augmented estate. The Veterans Administration and CHAMPUS benefits wife receives are solely the result of her marriage to decedent. SDCL 30–5A–2(3)(a) states:

> Property derived from the decedent includes, *but is not limited to,* ... the commuted value of amounts payable after the decedent's death under *any public* or private pension disability compensation, death benefit or retirement plan, exclusive of the federal social security system, *by reason of service performed* or disabilities incurred by the decedent.... (emphasis added).

For these reasons we find that decedent did have a property interest in these benefits. The trial court did not abuse its discretion including these benefits in the augmented estate under SDCL 30–5A–2.

### II

██ Wife alleges the trial court erred in its computation of the commuted value of the Veterans Administration and CHAMPUS benefits. The trial court computed the present value of wife's benefits based on the Commissioner's Standard Ordinary Basic Table of Mortality. Wife did not object to the introduction of this table at trial. The trial court then applied a ten percent deflator to reach the present or commuted value. We find no abuse of discretion in this decision. Furthermore, wife had the opportunity to examine the exhibits, cross-examine the expert insur-

---

1. SDCL 43–2–2 reads:
   There may be ownership of all inanimate things which are capable of appropriation or of manual delivery; ...; of all obligations; of such products of labor or skill as the composi-
   tion of an author, the good will of a business, computer programs, trade marks, service marks, marks and signs, *and of rights created or granted by statute.* (emphasis added).

ance witness and voice an objection during the presentation of evidence regarding this issue. It is well settled that this court will not review a matter on appeal unless a proper objection is made before the trial court. *Anderson v. Johnson*, 441 N.W.2d 675 (S.D.1989); *Till v. Bennett*, 281 N.W.2d 276 (S.D.1979); *Application of Heintz*, 78 S.D. 188, 99 N.W.2d 794 (1959); *Minnehaha Land & I. Co. v. Consolidated Sand & Stone Co.*, 64 S.D. 48, 264 N.W. 198 (1936).

### III

 Lastly, wife alleges the trial court erred in offsetting the $92,238.00 amount awarded to wife by the total value of property owned by wife. The question is whether the $28,210.35 in property SDCL 30–5A–2(3)(c) presumes wife derived from decedent should be included in the augmented estate.[2] This is a rebuttable presumption that wife, as the surviving spouse, must answer to overcome. Persuasive evidence was produced at trial that wife consumed most, if not all, the property she brought into the marriage and that she did not work during the marriage. We do not, therefore, believe the trial court abused its discretion in finding wife failed to rebut the presumption that she derived $28,210.35 in property from decedent.

We also note that wife does not provide any authority in support of her position on this issue. The failure to cite supporting authority is a violation of SDCL 15–26A–60(6) and the issue is deemed waived. *Smith, supra*, at 740; *Kanaly v. State by and through Janklow*, 403 N.W.2d 33, 34 (S.D.1987); *Kostel Funeral Home, Inc. v. Duke Tufty Co.*, 393 N.W.2d 449, 452 (S.D. 1986).

### CONCLUSION

For the reasons stated above we find the trial court did not abuse its discretion in computing the augmented estate or awarding wife an equitable share of the aug-

mented estate. We therefore affirm the trial court on all counts.

WUEST, MORGAN, and SABERS, JJ., and HECK, Circuit Judge, concur.

ANDERSON, Circuit Judge, for HENDERSON, J., disqualified.

HECK, Circuit Judge, for MILLER, C.J., disqualified.

---

2. SDCL 30–5A–2(3)(c) states in pertinent part: Property owned by the surviving spouse as of the decedent's death ... is presumed to have been derived from the decedent except to the extent that the surviving spouse establishes that it was derived from another source.