Patricia LINARD, Plaintiff
and Appellant,

v.

Brooke HERSHEY, Defendant
and Appellee.

Nos. 17583, 17591, 17597 and 17611.

Supreme Court of South Dakota.

Considered on Briefs Feb. 11, 1992.

Decided Aug. 5, 1992.

Jerry C. Rachetto, Deadwood, for plaintiff and appellant.

Robert A. Haivala, Morman, Smit, Hughes, Strain, Molstad & Haivala, Sturgis, for defendant and appellee.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES

On December 12, 1990, trial court heard testimony of the paternity claims of the parties. Trial court entered its memorandum opinion on April 3, 1991. On April 24, 1991, hearing was held on Linard's motion for prejudgment interest. Trial court entered its Order denying Linard prejudgment interest on May 29, 1991.

On April 24, 1991, Linard made a motion to set reasonable child support. On April 8, 1991, Linard moved for a new trial. On May 29, 1991, trial court entered its Order on these issues. On that same date, trial court heard and denied Linard's motion to adjust child support. This order was entered on June 21, 1991.

On June 19, 1991, trial court entered an order setting the amount of support arrearages and ordered Hershey to pay attorney fees.

On June 19, 21 and July 1, 1991, Linard filed a notice of appeal from these issues, with an affidavit of indigency.

On appeal, Linard raises the following issues:

I. Did trial court abuse its discretion in setting the amount of Hershey's support arrearages?

II. Did trial court abuse its discretion in compelling Linard to procure health

care coverage for minor child out of the monthly child support payment?

III. Did trial court abuse its discretion in awarding Linard attorney's fees?

IV. Did trial court abuse its discretion in refusing to adjust the monthly child support payments?

V. Did trial court abuse its discretion in denying Linard prejudgment interest on child support arrearages?

VI. Did trial court abuse its discretion in denying Linard a new trial?

VII. Did trial court abuse its discretion in refusing to compel Hershey to provide health care coverage for minor child?

VIII. Did trial court abuse its discretion in fixing child support payments at the figure it did?

We combine Issues VII and VIII into our discussion of Issues II and IV, respectively because they are, essentially, the same issues.

## FACTS

Linard filed a paternity action seeking support of the minor child, who was born out of wedlock between Linard and Hershey. At the time of commencement of the action, minor child was ten and a half years old. The parties arranged an informal agreement whereby Hershey agreed to pay child support in the amount of $125 per month. Support was infrequently paid. Child support payments totaled $5,513.50, from 1984 to the present.

Hershey initially denied paternity, but later admitted that he was father of the child after trial court ordered blood testing.

Both parties presented evidence of their financial situations at trial. Trial court found that Linard had a monthly gross income of $603.28. This was based upon Linard's part-time job and social security widow's benefit, in addition to contributions of Hershey. Trial court also found that Linard has few personal assets; that she owns no real estate and receives public rental assistance. Linard does have three years of college education. Trial court assumed Linard had a minimum wage capability of 40 hours per week.

Trial court found that Hershey has a monthly net income of $724.85. Hershey operates a ranching operation which is encumbered by substantial debt. The trial court also found that Hershey had no ability to borrow additional money for the purpose of making future support obligations. Linard strongly advocates that Hershey should have borrowed money. The facts reveal the banker would not go along with him. Hershey's present wife has regular employment which supplies her with an income of $18,000 per year. Hershey's wife has three dependent children by a prior marriage. Trial court ultimately concluded that Linard's and Hershey's combined, limited monthly net income totaled $1,328.13.

Based on the findings, trial court calculated the joint child support obligation at $212.00 per month. This was split proportionately; with Hershey owing 55% or $116.60, and Linard owing 45% or $95.40.

Trial court calculated the child support arrearages owed by Hershey. These arrearages were calculated to be $8,307.60, less the amounts previously paid, which left $2,794.10 owed by Hershey. Further, trial court ruled that Linard failed to show special needs of the minor child to warrant any deviation from the child support guidelines. Trial court ruled that any uncovered medical costs would be split using the 55%/45% ratio. Trial court placed upon Linard the onus of procuring health insurance for the child, with the stipulation that Hershey again pay 55% of the cost thereof. Finally, concluding that Hershey's actions caused unnecessary expense and considering the financial condition of the parties, trial court awarded attorney fees of $477, including tax, to Linard.

## STANDARD OF REVIEW

The standard of review in an appeal from a child support determination is whether the trial court abused its discretion. *Nelson v. Nelson*, 454 N.W.2d 533, 534 (S.D. 1990); *Peterson v. Peterson*, 434 N.W.2d 732, 734 (S.D.1989). We do not " 'deter-

mine whether [we] would have made an original like ruling, but whether we think a judicial mind, in view of the law and circumstances of the particular case, could reasonably have reached such a conclusion.'" *Nelson*, 454 N.W.2d at 534, (quoting *Havens v. Henning*, 418 N.W.2d 311, 312 (S.D.1988)).

Initially, it must be noted that the record before us does not contain a transcript from the trial court. Accordingly, the record on appeal is confined to those pleadings and papers transmitted from the circuit court. *Reed v. Heath*, 383 N.W.2d 873, 874 (S.D.1986); *Pearson v. Adams*, 279 N.W.2d 674, 676 (S.D.1979).

## DECISION

### ISSUE I

■ Linard asserts that trial court abused its discretion in setting the monthly amounts Hershey owed in child support arrearages. She asserts that the amounts allocated were not a reasonable share of the necessary support for the minor child. Linard argues that trial court should have set the amount of arrearages per month at the same level as Hershey's other children receiving support.

Pursuant to SDCL 25-8-5, trial court addressed delinquent support for the last six (6) years. Trial court found arrearages should be established at $8,307.60. It deducted $5,513.50 as a credit from previous payments. This left a balance of $2,794.10 owed by Hershey for past support.

Trial court broke down Hershey's arrearages by month and year. We do not believe that trial court abused its discretion in calculating Hershey's support arrearages for the past six years. These arrearages were determined under the provisions of SDCL 25-7-7 and SDCL 25-7-6.1.[1] Trial court need not consider a separate child support obligation in determining the present support arrearage. *See generally,*

SDCL 25-7-6.1; *Johnson v. Johnson*, 451 N.W.2d 293 (S.D.1990). Therefore, we find no abuse of discretion and affirm the trial court. *Nelson, Peterson, supra.*

### ISSUES II and VII

■ We treat Issues II and VII together. Linard petitioned the trial court to compel Hershey to provide minor child with reasonable health care coverage. Trial court denied the motion and determined Hershey did not have to procure health insurance for the child but if Linard did so, Hershey would be obligated to pay a proportionate share. Hershey was to reimburse 55% of the cost of the premium, Linard's share was 45%. Trial court determined that Hershey's wife's insurance carrier would not allow the minor child under the group medical coverage.

Trial court apparently arrived at the determination of health care coverage by application of SDCL 25-7-6.16, which provides as follows:

The court may enter an order for health and dental insurance coverage. Medical insurance shall be provided for the benefit of the minor child wherever practical. The cost of the insurance attributable to the child shall be determined by dividing the out-of-pocket cost of the insurance to the parent by the number of individuals insured thereunder and shall be apportioned between the parents on the basis of income or income imputed as provided in § 25-7-6.1 to 25-7-6.17, inclusive. If one parent pays the entire amount, he shall be reimbursed by the other parent for the other parents portion of the payment, or shall receive a credit against his support obligation, whichever is appropriate. Any costs not covered by insurance shall be apportioned between the parents in proportion to the support obligation of each parent.

---

1. SDCL 25-7-6.1. The parents of a child are jointly and severally obligated for the necessary maintenance, education and support of the child in accordance with their respective means. Until established by a court, the minimum child support obligation of a parent who fails to fur-

nish maintenance, education and support of his child, and who maintains continued absence from the home, is the obligor's share of the amount shown in the support guidelines, commencing on the first day of the absence.

It is within the court's discretion to determine whether or not to enter an order for health insurance under SDCL 25–7–6.16. Here, trial court correctly followed the statute. It proportioned the premium cost according to the proportion already determined in establishing each parties' support obligation, as we denoted above. We find no abuse by the trial court in this determination. Thereby, trial court is affirmed.

## ISSUE III

Trial court awarded Linard attorney's fees of $450, plus tax and costs. Linard contends that such an award was insufficient considering the facts of the case and was an abuse of discretion.

■ Trial court has broad discretion in considering factors for an award of attorney's fees and we will reverse only if there is a clear abuse of discretion. *Schmidt v. Schmidt*, 444 N.W.2d 367, 370 (S.D.1989). In making its decision, the trial court must look at the property owned by the parties; whether the moving party's property is in fixed or liquid assets; and whether either party unreasonably increased the time spent on the case. *Goehry v. Goehry*, 354 N.W.2d 192, 195 (S.D.1984).

■ The court considered the financial conditions of the parties and the fact that Hershey's actions had caused unnecessary expense. Specifically, trial court found that Hershey's initial denial of paternity resulting in a court ordered blood test and Hershey's acceptance of paternity, unnecessarily complicated the process, thereby increasing the workload of Linard's attorney. It also considered the fact that Hershey's assets are substantially fixed assets. On this basis, the court awarded Linard attorney's fees. Trial court considered the proper factors from *Goehry*. We find no abuse of discretion.

## ISSUE IV

■ Trial court set child support owed by the parties at $212.00 per month. It based this by combining the monthly net incomes of the parties and applying it to the support obligation of SDCL 25–7–6.2. Trial court determined Hershey's monthly net income, less deductions, based on the elements set forth in SDCL 25–7–6.3. When a court is required to exercise discretion in setting a child support obligation, the court must consider the reasonable needs of the child and the obligor's ability to pay. *Havens v. Henning*, 418 N.W.2d 311 (S.D.1988). Additionally, child support awards must be based on the reasonable financial needs of the child and the financial needs of the parents. *Bruning v. Jeffries*, 422 N.W.2d 579 (S.D.1988). Trial court proportioned the $212.00 monthly support obligation in a ratio of 55% owed by Hershey, 45% owed by Linard. Linard bears the burden of showing that the trial court abused its discretion in setting child support. *Nelson*, 454 N.W.2d at 534.

■ Linard argues that trial court improperly considered Hershey's net worth in determining his monthly net income. Linard alleges that Hershey's net worth is increasing by $30,000 a year, but presents no evidence to convincingly support the allegation. She contends that net worth should be calculated at $250,000. Trial court did find that this amount is the level of equity that Hershey has in his ranching operations. No evidence was presented that this equity amount is increasing. Moreover, this is not a liquid asset, nor one that easily becomes such. Nevertheless, there is no statutory or case authority in South Dakota mandating Hershey to liquidate his operating ranch i.e., his livelihood, for application of child support.

■ Trial court reasonably relied on the record evidence concerning Hershey's net monthly income, financial matters concerning his ranching operations, and net worth. This the trial court had the statutory right to do. With the evidence before us contained in the record, we cannot say that trial court abused its discretion in determining Hershey's share of the monthly support obligation. Linard merely presents bald allegations concerning Hershey's financial situation. Any discretion exercised by trial court must have a sound basis in the evidence presented. *Masek v.*

*Masek*, 89 S.D. 62, 228 N.W.2d 334 (1975). The trial court considered the evidence and made correct findings. We find no abuse of discretion.

■ Linard petitioned the court for a hearing to adjust the child support in light of minor child's needs and expenses. Trial court determined that Linard failed to produce evidence to show special needs, pursuant to SDCL 25–7–6.10(4), to deviate from the schedule in SDCL 25–7–6.2. We affirm.

Linard has presented no evidence that comes under the factors of SDCL 25–7–6.10, allowing deviation. No evidence has been presented to warrant a finding that the child has special needs per SDCL 25–7–6.10(4). In fact, the only evidence presented seems to indicate that minor child is a healthy, normal young girl with only the reasonable needs of a normal, healthy adolescent child. This is not sufficient to come under SDCL 25–7–6.10(4), "special needs."

■ The trial court further considered SDCL 25–7–6.10(1). This provision allows deviation from the schedule if the income of a subsequent spouse is included in the income of that parent which then can be considered in deviation from the schedule. This is allowed only if the application of the schedule works a financial hardship on either parent. Trial court did consider Hershey's present wife's income, but noted that the salary also had to provide for three dependent children of Hershey's wife. We find no evidence in the record or in appellate briefs that mandates deviation from the schedule based on Hershey's wife's income.

■ Further, Linard asserts that SDCL 25–7–6.5 allows trial court to consider other assets of Hershey's, or his ability to borrow, and deviate from the schedule. However, trial court substantially considered Hershey's total financial situation. It found that Hershey's real estate was substantially encumbered and that his ability to borrow on it curtailed. Several letters from banks attested to this fact. In contrast, Linard presented no evidence that contradicts these findings. Additionally,

trial court may consider SDCL 25–7–6.10(2) as a deviation: "Any financial condition of either parent which would make application of the schedule inequitable." Trial court considered Hershey's financial condition. We find no abuse of discretion.

### ISSUE V

After trial court calculated the amount of delinquent child support arrearages, Linard petitioned for prejudgment interest on the arrearages, based on SDCL 21–1–11. Trial court denied this request holding that SDCL 21–1–13 and not SDCL 21–1–11, is the applicable statute. Trial court reasoned that this case did not concern an action arising from a contract; thus, this action would not fall within the purview of SDCL 21–1–11.

We agree that SDCL 21–1–11 is not applicable to this case since SDCL 21–1–11 is more appropriately concerned with actions arising from contract. However, we disagree with the trial court that this case does not fall within the cause of actions listed in SDCL 21–1–13. SDCL 21–1–13 provides: "[I]n *an action for the breach of an obligation not arising from contract* ... interest may be given...." Certainly Hershey had an obligation, which he admittedly breached, to financially support the minor child. This support obligation is mandated upon Hershey via SDCL 25–7–6.1, which supplants SDCL 25–7–7 in this respect. *See also, State ex rel. Stearns v. Blume*, 333 N.W.2d 721 (S.D.1983); SDCL 25–8–5.

■ If an item of damage represents an actual economic or pecuniary loss resulting from the breach of an obligation not arising from contract (this is a paternity action), but which is not certain in amount or fixed as of a certain date, prejudgment interest may be awarded. *Meyer v. Dixon Bros.*, 369 N.W.2d 658, 661 (S.D. 1985). The trial judge was the finder of fact in the present case and could properly award prejudgment interest in his discretion. *Tri–State Refining v. Apaloosa Co.*, 431 N.W.2d 311, 316 (S.D.1988); *Winterton v. Elverson*, 389 N.W.2d 633, 639 (S.D. 1986).

■ As we have repeatedly stated, the fundamental purpose of prejudgment interest is "to do justice to one who has suffered a loss at the hands of another person." *Jensen Ranch, Inc. v. Marsden*, 440 N.W.2d 762, 767 (S.D.1989); *South Dakota Bldg. Auth. v. Geiger–Berger Assoc.*, 414 N.W.2d 15, 19 (S.D.1987). This is the purpose of SDCL 21–1–13 as well as SDCL 21–1–11. When one retains money by failing to pay for a loss that he has caused, that person should be charged interest upon the sum he refused to tender. *S.D. Bldg. Auth.*, 414 N.W.2d at 19.

■ In the present case, Hershey admits that he frequently did not pay support. Trial court calculated arrearages from this failure. However, trial court abused its discretion in not awarding prejudgment interest. Hershey had a statutory obligation to provide financial support for the minor child. He frequently failed this obligation, paying sporadically, recognizing he did, indeed, have an obligation to support. He was financially able to make these support payments. We reverse trial court on this issue and remand for a determination of prejudgment interest.

### ISSUE VI

■ Linard petitioned the trial court for a new trial to reconsider the support as previously set.[2] Trial court denied Linard's motion stating that she had failed to produce any new evidence at the hearing requiring trial court to change its previous orders. Additionally, Linard failed to show that such evidence could not have been presented at trial.

Our standard of review regarding this issue is whether or not trial court abused its discretion in not granting the motion. *Massey Ferguson Credit Corp. v. Bice*, 450 N.W.2d 435, 441 (S.D.1990). The moving party must show that the evidence was not discoverable before trial and that it would have changed the outcome. *Massey Ferguson*, 450 N.W.2d at 441; *Enchanted World*

**2.** SDCL 15–6–59(a). Grounds for a new trial. A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:

*Doll Museum v. Buskohl*, 398 N.W.2d 149, 153 (S.D.1986).

■ Linard asserted in her motion and appellate briefs that Hershey was granted operating loans (for his ranch) thereby freeing up money for child support. This fact is the basis for her motion for a new trial. Hershey submitted exhibits from two banks attesting to the fact that he could not procure such loans. Trial court used these exhibits to base its denial of new trial. Linard presented no new evidence in her petition for new trial. Indeed, Linard presented no evidence whatsoever supporting this allegation. She merely alleges, with no supporting evidence in the record, that such loans were approved. Only Hershey presented evidence, accepted by the court and in the record, concerning his capacity to procure loans. We find no abuse of discretion and affirm the trial court.

In this case, the trial court entered detailed Findings of Fact and Conclusions of Law. Same were not clearly erroneous. We do hold that the interest issue was a mistake of law under our ruling in *Permann v. Dept. of Labor, Unemp. Ins. D.*, 411 N.W.2d 113 (S.D.1987). A great amount of conscientious judicial effort and resources was expended in this case. We exhort the parties and their counsel to bring to an end this expensive, time consuming and bitter litigation. Litigation must have a repose.

In conclusion, we affirm trial court on all issues except Issue V, in which we reverse and remand for a determination of an amount of prejudgment interest on the delinquent support arrearages. We note that the trial court spent one entire day in determining the amount of the arrearages through tedious calculations and gathering together personal records and information. From said calculations, interest should be able to be reasonably determined.

An itemized statement requesting attorney's fees from both parties has been filed

(4) Newly discovered evidence, material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial.

herein. We deny an attorney's fee award unto Hershey and award Linard the sum of $750 plus her taxable costs as determined by the Clerk of this Court.

Affirmed in part, reversed and remanded in part.

WUEST, SABERS and AMUNDSON, JJ., concur.

MILLER, C.J., concurs in part and dissents in part.

MILLER, Chief Justice (concurring in part and dissenting in part).

I would hold that the trial court did not abuse its discretion in denying the request for prejudgment interest.

The trial court entered two sets of findings on May 29, 1991. The first set was in response to the December 12, 1990, paternity action. In these findings, the trial court concluded that Hershey owed Linard an amount of $2,794.10 in past child support. The trial court also entered findings that day in response to Linard's motion for a new trial and for prejudgment interest on the arrearages. It concluded Linard was not entitled to prejudgment interest, since the arrearages could not be reasonably ascertained.

The majority opinion states: "Trial court denied this request [for prejudgment interest based on SDCL 21-1-11] holding that SDCL 21-1-13 ... is the applicable statute." *  I agree that SDCL 21-1-13 is the appropriate statute. It provides: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."

"[A]n award of prejudgment interest based on SDCL 21-1-13 [is] within the discretion of the trial court as trier of fact." *Winterton v. Elverson*, 389 N.W.2d 633, 639 (S.D.1986); *Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251, 259 (S.D.1976).

This court has often stated that "a trial court's findings of fact and the subsequent

application of discretion shall not be disturbed unless there is clearly no basis in reason or evidence to support that finding." *Matter of Estate of Donahue*, 464 N.W.2d 393, 395 (S.D.1990). Furthermore, this court is " 'not to determine whether the judges of this court would have made an original like ruling, but rather whether we think a judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.' " *Id.* (quoting *Davis v. Kressly*, 78 S.D. 637, 641-42, 107 N.W.2d 5, 8 (1961)).

The trial court found that it could not reasonably ascertain the amount of child support due from Hershey and the amount which he had already paid. In fact, the trial court had to go through a detailed and calculated process in order to determine the amount of arrearages. Finally, the appellant, Linard, had the burden to show the trial court's abuse of discretion and, since she has not provided this court with the transcripts of the hearings where the amount of arrearages was determined, I must believe that reason and evidence supported the trial court's decision.

---

* It is also important to point out that this action was originally commenced on May 9, 1990, thus the provisions of SDCL 21-1-13 and not SDCL 21-1-13.1 are controlling. *See* SDCL 21-1-13.2 (provisions of SDCL 21-1-13.1 apply to any suit commenced after July 1, 1990).